POUND, administrator, *v.* SMITH *et al.*

1. Under the facts of this case it was error to allow an amendment by the plaintiffs, praying that the title to land be decreed in them, with remainder over to the survivor, based upon an alleged parol agreement to that effect.
2. The allegations and prayers were not sufficiently definite to raise the question of specific performance.
3. The petition pruned by demurrer is sufficient in its allegations to constitute a suit to enforce an implied trust, and for this relief the prayers are broad enough.
4. The verdict and the decree based thereon awarded to the plaintiffs the entire interest in a lot of land. Under the pleadings and the evidence they were entitled to only a two-thirds interest. For this reason the judgment of the trial court must be reversed.
5. A ground of a motion for a new trial assigning error upon the admission of evidence will not be considered unless the evidence is sufficiently set forth for the question of its admissibility to be determined without reference to other parts of the record.
6. The refusal of the court to grant a nonsuit was not error.
7. It was not error for the court to charge the law in regard to implied trusts.

FEBRUARY 14, 1917.

Equitable petition. Before Judge Park. Hancock superior court. January 26, 1916.

Misses Treasie and Acquillian Smith filed their petition against J. M. Pound, as administrator of the estate of their brother, John T. Smith, in which they prayed for reformation, specific performance, injunction, and general relief. The defendant filed his answer, and also a demurrer. The demurrer was sustained as to certain grounds, but as to others it was overruled. The court allowed the plaintiffs to amend their petition. Upon the trial a verdict was returned awarding to the plaintiffs one of the two tracts of land in controversy. A motion for a new trial was overruled, and the defendant excepted to this, as well as to the other rulings adverse to him.

The material allegations of the petition are as follows: J. M. Pound as administrator of the estate of John T. Smith, deceased, under an order of the court of ordinary, is proceeding to sell at public outcry two described tracts of land. This land is the property of the plaintiffs. They together with their brother, John T. Smith, contracted with E. F. Pound, now deceased, to purchase one of the tracts of land described, and later contracted with him to

purchase the other tract. At the time of the purchase the plaintiffs and their brother were residing on one of the tracts, and it was agreed that they would purchase both tracts and that the same should be held and owned "in common by them during their lives, and that the survivors should take the fee to the entire property." After the purchase as agreed upon the plaintiffs and their brother resided and farmed upon the lands, each working thereon for their common benefit, and from the proceeds of the property and the results of their joint labor it was paid for. The sisters, being illiterate and inexperienced in business affairs, each year turned over the crops as they were gathered to their brother, to market, with the instructions and understanding that the money arising therefrom should be paid on the purchase-price of the lands which they had bought. The sisters labored in the field side by side with their brother, and performed all the domestic duties. They practiced "the most rigid economy, never reserving one penny of compensation, except their meager purchase of wearing apparel, in order that every cent from said crop and other proceeds from said land should be applied to the purchase-money of said land." One of the sisters, Treasie Smith, "paid in actual cash, at the time of the first purchase," $350 on the purchase-price of the land, and at subsequent times her earnings as a midwife were contributed to the payment of the land. Until after his death the plaintiffs did not know that the titles to the land were made to their brother individually, as he had concealed this fact from them during his life, though they had entrusted him to make the payments upon the land, and to have the deeds executed to the three jointly, in accordance with their agreement. If the title be permitted to stand as it is, and the land be administered as the estate of their brother, the plaintiffs will be defrauded of their right and title thereto. The vendor of the land is dead, his estate has been administered, and the administrator discharged. Should the land be sold by the administrator of their brother's estate, the plaintiffs will suffer irreparable loss. The prayers are as follows: (*a*) "That the said two deeds hereto attached be reformed in conformity with the agreement between these petitioners and their said brother, Jno. T. Smith, expressing the grantees therein as petitioners and the said Jno. T. Smith jointly, for their natural lives, with remainder over to the survivors." (*b*) "That the title to said land

be decreed to the petitioners for their natural life, with the remainder over to the survivors." (c) "That the said J. M. Pound, administrator of the estate of said Jno. T. Smith, be perpetually restrained and enjoined from administering said land as the property of estate of said Jno. T. Smith, or from anywise interfering therewith in his capacity as administrator aforesaid." (d) "For such other and further relief as petitioners in equity are entitled to."

In his answer the defendant contended that the brother, John T. Smith, was the sole owner of the lands, which he had paid for from his own resources; that there was no concealment of his ownership; but that the deeds to both tracts of land were properly recorded in the clerk's office, and therefore were notice to all who might want to know of their contents.

The grounds of demurrer to the petition were the following: (1) "There is no cause of action alleged." (2) "There is no cause of action alleged by which a court of law or equity would be authorized to reform a deed or deeds." (3) "That petitioners have no legal or equitable right to have the title to land described in petition to be decreed to them for their natural lives, with remainder over to survivors. They have no such right of a specific performance against this defendant." (4) "If petitioners have any cause of action at all, it would be a suit for damages for fraud and deceit." "Defendant further demurs and moves to dismiss paragraph 3 of petition, because, if petitioners intend to claim the property described in the foregoing paragraph, the claim should have been filed with the ordinary of Hancock county, as the law provides for claims in such cases." (5) "The petition does not allege or set forth a mutual mistake by the parties to the deeds which petitioners pray to have reformed." (6) "The petition does not allege any mistake by either E. F. Pound or John T. Smith, the parties named in the deeds." (7) "The petition alleges concealment, deceit, and fraud on the part of John T. Smith, and no mistake on the part of E. F. Pound." (8) "Defendant specially demurs and moves to dismiss petition, because petitioners have no legal or equitable right to have the contracts reformed, which were made and entered into by other parties; and petitioners, not being parties to the contracts, have no legal or equitable right to reform a contract making them parties thereto."

28

(9) "Defendant specially demurs and moves to dismiss paragraphs (*a*) and (*b*) in prayer, because no contract is alleged to have been made with E. F. Pound as grantor on one part, and petitioners and said John T. Smith jointly as grantees on the other part, for their natural lives, with remainder over to survivors."

The court ordered that the grounds of demurrer be sustained as to all portions of the petition and prayer for reforming the deeds, and that they be overruled as to dismissing the petition, and as to other matters therein contained.

The amendment to the petition, as allowed, was as follows: "Strike section (*a*) of the prayer of the petition, and substitute in lieu thereof the following: 'That this court decree the title conveyed by E. F. Pound and J. M. Pound, executor of the estate of E. F. Pound, to Jno. T. Smith to conform to the contract existing between the said Jno. T. Smith and plaintiffs, and that said land was held by the said Jno. T. Smith in trust for himself and the plaintiffs for the term of their natural lives, with remainder over to their survivor, and that said land is not subject to be administered as the estate or any part of the estate of the said Jno. T. Smith.' "

*R. L. Merritt* and *Evans & Evans,* for plaintiff in error.
*Burwell & Fleming* and *J. W. Lewis,* contra.

GILBERT, J. (After stating the foregoing facts.) All that portion of the plaintiffs' petition and of the prayers thereof which sought to reform the deeds from Pound to John T. Smith was stricken on demurrer, and properly so, because it was not alleged that the agreement between the plaintiffs and their brother was concurred in by Pound, the vendor from whom they purchased the land. Civil Code (1910), § 4579.

1. It can not be determined definitely from the language of the judgment on the demurrer whether the allegations and the prayer with reference to decreeing title to the lands in the plaintiffs for their natural lives, with remainder over to the survivor, were stricken or not. The court, after ruling on the demurrer, allowed the plaintiffs to amend their petition by substituting for the prayer for reformation of the deeds a prayer in the words quoted at the close of the statement of facts. The defendant objected to the allowance of this amendment, and to the overruling of this objec-

tion he excepted. This ruling was error. The prayer sought the reformation of an alleged parol contract by decreeing a remainder over to survivors. To do this would be to reform a parol contract into an express trust. All express trusts must be created or declared in writing. Civil Code (1910), § 3733.

2. No question is properly made by the petition as to the right of the plaintiffs to have specific performance of their contract, as against their brother's administrator. The rule is that the plaintiff in an equitable petition must not only allege facts which will show that he is entitled to such relief, but his prayers must indicate the nature of that relief. There was no prayer for specific performance. "The plaintiff in an equitable petition will never be granted any relief unless there is a prayer asking for the specific relief sought, or unless there is a prayer for general relief, and the nature of the case is such that under the prayer for general relief some character of relief may be granted which is consistent with the case made by the petition and with the specific prayers therein." *Copeland* v. *Cheney*, 116 *Ga.* 685, 687 (43 S. E. 59). The prayer for general relief in this case is not sufficiently specific to embrace a prayer for specific performance, and for that reason we will not consider the contentions of the plaintiffs for this relief.

3. The petition thus pruned by demurrer is sufficient in its allegations to constitute a suit to enforce an implied trust, and for this relief the prayers are broad enough.

4. According to the allegations of the petition, the two sisters and their brother agreed to purchase the two tracts of land in controversy. It was a part of their agreement that the title should be taken in the three jointly, with the right of survivorship. The contract was in parol. The sisters paid their share of the purchase-money. The brother, disregarding the agreement, took the title in himself alone. Under these circumstances the law implied a trust in favor of the sisters to the extent of their interest. Civil Code (1910), § 3739, par. 1. The law, in thus implying a trust, simply makes the grantee in the deed the trustee for the benefit of those whose money was used in the purchase of the land. The legal title was in the brother. The beneficial interest was in the three purchasers. Accordingly, the plaintiffs would be entitled, on proof that they had paid their share of the purchase-money, to a decree that the administrator of their deceased brother be de-

clared to hold the land in trust for their benefit to the extent of their interest, to wit, two thirds.

The jury returned a verdict awarding to the plaintiffs the whole of one of the tracts of land; whereupon the court decreed the whole interest in this tract to the plaintiffs for and during "their natural lives, with remainder to the survivor of the two in fee." This verdict is not in harmony with the pleadings and facts of the case. For this reason the judgment of the court must be reversed. The plaintiffs are not entitled to the whole interest, nor could a reversionary interest be decreed.

The motion for a new trial contains many assignments of error, but it is not necessary to pass upon them in detail. The charges of the court complained of were subject to one of the criticisms made, which was that the plaintiffs in any event would only be entitled to a two-thirds interest, whereas the court instructed the jury, if they found for the plaintiffs, that they might award them the whole interest. On another trial the instructions of the court will, of course, be in accord with the rulings above made in this particular.

5. The assignments of error in regard to the admission of evidence were not sufficiently full and specific for this court, without looking to the brief of evidence, to say that the trial court erred for any of the reasons assigned. *Georgia Northern Ry. Co.* v. *Hutchins,* 119 *Ga.* 504 (46 S. E. 659); *Baxter* v. *Camp,* 126 *Ga.* 354 (54 S. E. 1036).

6-7. The refusal of the court to grant a nonsuit was not error. Nor was it error to charge the law in regard to implied trusts.

*Judgment reversed. All the Justices concur.*