CENTRAL OF GEORGIA RAILWAY COMPANY *v.* BIBB BRICK COMPANY; *et vice versa.*

GILBERT, J. **1.** While the petition contains allegations as to other matters, the sole prayer is that the defendant be enjoined from prosecuting the condemnation proceedings. There is no prayer for general relief. An equitable petition is no broader than its prayers. The measure of relief under the petition and proof is that which in whole or in part is ap-.

propriate to the prayer. *Southern Railway Co.* v. *State*, 116 *Ga.* 276 (42 S. E. 508); *Copeland* v. *Cheney*, 116 *Ga.* 685, 687 (43 S. E. 59); *Pound* v. *Smith*, 146 *Ga.* 431 (91 S. E. 405); 16 Enc. Pl. & Pr. 794.

2. Where the owner of an easement in land takes part in proceedings to condemn his interest for public purposes, selecting an assessor, offering evidence, etc., and after an award accepts full payment, such owner will be thereby estopped from urging objections, in an equitable proceeding for injunction, etc., to the condemnation proceedings. *Atlantic & Birmingham R. Co.* v. *Penny*, 119 *Ga.* 479 (46 S. E. 665); *Georgia Granite R. Co.* v. *Venable*, 129 *Ga.* 341, 348 (58 S. E. 864); Winslow *v.* B. & O. R. Co., 208 U. S. 59 (28 Sup. Ct. 190, 52 L. ed. 388); 10 R. C. L. 210, § 179.

(a) The notice of the condemnation proceeding was a sufficient compliance with the law. It stated that the condemnor was a corporation under the general railroad laws of the State, and proposed to use and occupy the desired property for "railway purposes," and that the easements and interests sought to be condemned were "useful, needful, and necessary for the public purposes aforesaid." It may be added that the condemnee entered into the procedings, appointed an assessor, took part in having an award made, and received the amount thus awarded. *Atlanta Terra Cotta Co.* v. *Georgia Railway & Electric Co.*, 132 *Ga.* 537, 542 (64 S. E. 563).

3. The foregoing rulings are controlling as to the main bill of exceptions. All other issues having been waived by the acceptance of the award, assignments of error in regard thereto will not be discussed.

4. The assignments of error in the cross-bill of exceptions, with reference to the ruling out of certain evidence as to the necessity for closing Pine Street, are without merit. Whether or not the closing of the street was reasonably necessary was not involved under the pleadings.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur.*

Nos. 1060, 1145. APRIL 16, 1919.

Equitable petition.     Before Judge Mathews. Bibb superior court.    June 6, 1918.

The Central of Georgia Railway Company notified the Bibb Brick Company of its intention to occupy for railway purposes that portion of Pine Street between Fifth and Sixth Streets in the City of Macon, in pursuance of the Acts of the General Assembly approved August 18, 1913, and August 10, 1916 (Acts 1913, p. 977; Acts 1916, p. 784), and of certain contracts made between the railway company and the City of Macon, and to condemn all such easements and interests as the Bibb Brick Company might have in such portion of Pine Street by reason of its holding, under renewal lease from the City of Macon for a period of thirty years from Feb. 23, 1915, a described tract of land in the City of Macon containing 7.61 acres, a part of the Macon reserve.

The Bibb Brick Company filed a petition in which it is alleged: The land above mentioned was leased to it by the City of Macon upon the condition that it would maintain thereon a manufacturing plant; and in observance of this condition it has erected and is maintaining a plant of the value of $250,000. At the time of lease Pine Street was open and being used as a regular thoroughfare. There is practically no other means of access between plaintiff's plant and the business and residence portion of the city. The closing of the street will injure its business, decrease the value of its leasehold interest in said land, and greatly diminish the value of its manufacturing plant. Plaintiff's interest cannot be condemned without joining its lessor, the City of Macon, for which there exists no authority of law; and the proceeding cannot be maintained. While defendant has procured from the City of Macon a contract purporting to waive being made a party to any condemnation proceeding, this contract is contrary to law and ultra vires; and any law purporting to authorize such a contract is unconstitutional and void, because in violation of art. 7, sec. 6, par. 1, and of art. 7, sec. 16, par. 1, of the constitution of Georgia, and because not authorized by any valid corporate action on the part of the city, and because there has been no valid corporate action justifying the closing of Pine Street, or in acceptance of the underpass, subway, or other street in lieu thereof. The condemnation proceeding is illegal, because it does not state the particular railway purpose for which it is sought, the notice simply stating that it is "for railway purposes;" because the condemnation of the easements and interest of plaintiff in the portion of Pine Street to be occupied is not reasonably-necessary to any purpose for which defendant is authorized by law to exercise the power of eminent domain, and by said condemnation proceeding defendant is not seeking the right to use any of said portion of Pine Street for any purpose for which it would be authorized to exercise such power; because the acts of the General Assembly and the contracts between the defendant and the City of Macon, in so far as they purport to authorize said condemnation proceeding, are void and in violation of art. 1, sec. 10, par. 1, of the constitution of the United States, which forbids the passage of any law impairing the obligation of contracts, and of art. 3, sec. 7, par. 8, of the constitution of Georgia, forbidding the passage of any law which refers to more than one

subject-matter, or contains matter different from what is expressed in the title thereof. The prayers are, for injunction against "taking any steps or doing any acts in furtherance of the prosecution or carrying on of said condemnation proceedings" by defendant, and for process.

Upon the interlocutory hearing the court denied an injunction. Subsequently, as appears from the answer filed by defendant, the Bibb Brick Company named its assessor under the condemnation proceeding. The assessors made an award of damages, the amount of which was tendered by the defendant and accepted by the plaintiff; and none of the amount so received has been tendered back.

When the matter came on for final trial the defendant moved for the direction of a verdict in its favor, upon the grounds that the evidence showed (a) that because of its participation in and acceptance of the amount awarded under the condemnation proceedings the plaintiff was estopped from attacking the validity of these proceedings or asking any relief under its bill; (b) that the act sought to be enjoined had been done, plaintiff taking part therein and accepting the award made, and there was nothing to enjoin, or any relief shown to which plaintiff is entitled; (c) that it would be inequitable and unjust to allow a verdict for the plaintiff, when the evidence discloses that it refuses to do equity or give effect to the equitable rights of defendant, having accepted the money paid under the award and refusing to return it. The plaintiff's counsel stated in open court that it would repay the amount it had received under the condemnation proceeding if the defendant would reopen Pine Street as it was when this suit was filed. The defendant's counsel stated that this was impossible. The court directed a verdict in favor of the plaintiff, granting the injunction as prayed, and entered a decree accordingly. The main bill of exceptions assigns error upon the refusal to direct a verdict in the defendant's favor, and upon the direction of the verdict in favor of the plaintiff. The cross-bill of exceptions taken by the plaintiff assigns error upon the rejection of certain evidence relating to the question whether the easements and interest sought to be condemned were reasonably necessary to any purpose for which defendant would be authorized to exercise the power of eminent domain.

*R. C. Jordan* and *T. S. Felder,* for the railway company.
*John R. L. Smith* and *John P. Ross,* contra.