BURTON *v.* METROPOLITAN LIFE INSURANCE CO. *et al.*

No. 9846. DECEMBER 13, 1933.

*Duke Davis,* for plaintiff. *Lovejoy & Mayer,* for defendants.

BELL, J. This was a suit against an employer and an insurance company, to recover a sum as disability benefits alleged to be due to the plaintiff under a group policy of insurance, together with damages and attorney's fees. The petition alleged certain facts for the purpose of showing liability, and further averred that the plaintiff "has no adequate remedy at law to enforce her rights under the group policy . . referred to, and is forced to come into a court of equity to have her rights adequately protected." The prayers of the petition were as follows: (1) that the plaintiff do have and recover judgment for the sum of $500, besides 25 per cent. of this amount as damages and a reasonable sum as attorney's fees; (2) that defendants be required to produce and to have in court from term to term the policy sued on; (3) that process do issue, requiring defendants to appear and "answer this bill;" and (4) that petitioner have "any and all other equitable relief that the facts of this matter may entitle her to." Under the terms of the policy the benefits, if any, were payable directly to the employee or to a beneficiary designated or to be designated by the employee as the insured,

1. "Whether a petition is based upon an equitable or legal cause of action depends upon the nature of the relief sought, as shown by the prayers, which indicate whether the alleged cause of action is intended by the pleader as founded upon equitable or legal principles. *Steed* v. *Savage,* 115 *Ga.* 97 (41 S. E. 272). To make a case in equity, the allegations of the petition must be applicable to the equitable relief prayed, and there must be a prayer either for the specific relief prayed, or for general relief. Whether a petition states an equitable or a legal cause of action depends upon the relief prayed. *Fowler* v. *Davis,* 120 *Ga.* 442 (47 S. E. 951)." *Bernstein* v. *Fagelson,* 166 *Ga.* 281, 287 (142 S. E. 862).

2. "The plaintiff in an equitable petition will never be granted any relief unless there is a prayer asking for the specific relief sought, or unless there is a prayer for general relief and the nature of the case is such that under the prayer for general relief some character of relief may be granted which is consistent with the case made by the petition and with the specific prayers therein." *Copeland* v. *Cheney,* 116 *Ga.* 685 (2) (43 S. E. 59) ; *Broderick* v. *Reid,* 164 *Ga.* 474 (2) (139 S. E. 18).

3. Notwithstanding the vague and indefinite references to equity jurisdiction as contained in the instant petition, the *specific* allegations of fact, considered in connection with the *specific* prayers, show that the plaintiff is asking only for a common-law judgment and is not seeking any equitable relief; and in these circumstances the petition can not be construed as presenting an equity case, within the meaning of the constitutional provision relating to the jurisdiction of this court; nor does the case fall within any other class of cases of which this court has jurisdiction. It is therefore transferred to the Court of Appeals. See, in this connection, *While* v. *Sikes,* 129 *Ga.* 508 (59 S. E. 228, 121 Am. St. R. 228) ; *Pound* v. *Smith,* 146 *Ga.,* 431 (2) (91 S. E. 405) ; *Burress* v. *Montgomery,* 148 *Ga.* 548 (3) (97 S. E. 538) ; *Mulherin* v. *Neely,* 165 *Ga.* 113 (139 S. E. 820) ; *Avant* v. *Hartridge,* 174 *Ga.* 278 (162 S. E. 524) ; *Mobley* v. *Rucker,* 176 *Ga.* 178 (2) (167 S. E. 104).

*So ordered. All the Justices concur, except Russell, C. J., who dissents, and Hill, J., absent for providential cause.*

RUSSELL, C. J., dissenting. Upon the question whether a case should be transferred from this court to the Court of Appeals, the

question which arises is whether this court has jurisdiction of the cause of action. The question is not whether the pleadings are perfect, but whether the case as stated is one in which the intervention of a court of equity is sought. If it is apparent from a petition and single prayer of the same that the plaintiff seeks the aid of equity, alleging, as she does in this case, that she has no adequate remedy at law, then to send the case to the Court of Appeals will be merely a ruling by this court that the petition is subject to demurrer. We would really be exercising jurisdiction in holding that the petition is demurrable. This petition asked for equitable relief. One of the prayers asked for all and any other equitable relief that may be adjusted to the plaintiff's case. Under our liberal rules of amendment, "as broad as the plan of salvation," it is easily to be perceived that the skeleton now before us requires amendment; but there are statements of rights which may be supplied in this petition which might be admissible under the rules of equity, such as facts which might prevent the bar of the statute, where more adequate relief would be supplied than in a court of law. This is only one instance, among others that might be given, where the rules of equity are much more beneficent than those at common law. But if this court holds that the suit is a mere action at law, then that is to hold that the prayers in the petition are not subject to amendment. I think the prayers are amendable. I think the statements of the petition would admit of amendment. I think that the petition, though defective, is not so repugnant to the principles of equity that the petitioner should be denied a review of her case by this court.