ÆTNA LIFE INSURANCE COMPANY v. DORMAN *et al.*

No. 10496. December 12, 1934.

*Bryan, Middlebrooks & Carter* and *J. Render Terrell,* for plaintiff in error.

*Duke Davis,* contra.

Gilbert, J. Ada Dorman brought suit against the Ætna Life Insurance Company on a certificate of insurance issued to her pursuant to a group policy. The policy provided that it "has insured the lives of certain employees of the Dixie Cotton Mills" by a group policy issued and delivered to the employer. The certificate states: "Under and subject to the terms and conditions of said policy and the application therefor, the life of Ada Dorman, an employee, is insured for the sum of one thousand dollars, payable in the event of death to Ada Dorman, beneficiary." It also provides that the company also has insured the said employees against "Permanent Total Disability." It is not necessary to state herein the terms, conditions, and manner of payments in case of liability. The beneficiary recovered a judgment. The insurance company filed a motion for a new trial, which was overruled. The movant sued out a writ of error to the Supreme Court. This is plainly a suit at law. No facts are alleged by the plaintiff or pleaded by the defendants which bring the case within the jurisdiction of the Supreme Court. Though petitioner alleges lack of adequate remedy at law to enforce her rights under the group policy, there is a complete absence of any prayer calling for specific equi-

table relief. There is a prayer for "all other equitable relief that the facts of the case may entitle her to." As was said in *Copeland* v. *Cheney*, 116 *Ga.* 685, 687 (43 S. E. 59) : "The plaintiff in an equitable petition must not only allege facts which will show that he is entitled to relief, but by his prayers must indicate the nature of that relief. The plaintiff in an equitable petition will never be granted any relief unless there is a prayer asking for the specific relief sought, or unless there is a prayer for general relief and the nature of the case is such that under the prayer for general relief some character of relief may be granted which is consistent with the case made by the petition and with the specific prayers therein. Such being the rule, the plaintiff is confined to his prayers for relief; and in order to determine whether an equitable petition sets forth a cause of action, it is only necessary to determine whether the allegations of the petition are such as to authorize the particular relief which is the subject-matter of the prayers." See also *Pound* v. *Smith*, 146 *Ga.* 431, 435 (91 S. E. 405). "The measure of relief under the petition and proof is that which in whole or in part is appropriate to the prayer." *Central of Georgia Railway Co.* v. *Bibb Brick Co.*, 149 *Ga.* 38 (99 S. E. 126), and cit. In *Bernstein* v. *Fagelson*, 166 *Ga.* 281, 287 (142 S. E. 862), it was said: "Whether a petition is based upon an equitable or a legal cause of action depends upon the nature of the relief sought, as shown by the prayers, which indicate whether the alleged cause of action is intended by the pleader as founded upon equitable or legal principles. *Steed* v. *Savage*, 115 *Ga.* 97 (41 S. E. 272). To make a case in equity, the allegations of the petition must be applicable to the equitable relief prayed, and there must be a prayer either for the specific relief prayed, or for general relief. *Copeland* v. *Cheney* (supra). Whether a petition states an equitable or a legal cause of action depends upon the relief prayed. *Fowler* v. *Davis*, 120 *Ga.* 442 (47 S. E. 951). In determining whether a case is one at law or in equity, the nature of the relief sought, rather than the form of the allegations of the petition, is important. *Griffin* v. *Collins*, 122 *Ga.* 102, 110 (49 S. E. 827)." In *Broderick* v. *Reid*, 164 *Ga.* 474 (2), 483 (139 S. E. 18), it was stated: "Under a general prayer the plaintiff may have such relief as is consistent with and entirely within the scope of the pleadings. *Peek* v. *Wright*, 65 *Ga.* 638; *Hickson* v. *Mobley*, 80 *Ga.* 314 (5 S.

E. 495); *Copeland* v. *Cheney* [supra]; *Pound* v. *Smith* [supra]; *Wimpee* v. *Burt,* 148 *Ga.* 418 (96 S. E. 993)." See *Burton* v. *Metropolitan Life Ins. Co.,* 177 *Ga.* 899 (172 S. E. 41). In the instant case there are no facts alleged which, construed together with the prayer for general equitable relief, would characterize this proceeding as a case in equity. It is merely a suit on an insurance policy. While it is a group policy, the evidence shows that a written and printed certificate was regularly issued to the petitioner, Ada Dorman, in which the contract was fully set out between the insured and the insurer. No other employee is in any way concerned with or interested in the issue between the insured and the insurer. In case of recovery no other employee is in any way affected thereby. While the Dixie Cotton Mills is made a party defendant, it is merely a nominal party. In fact the Dixie Cotton Mills is a defendant in error in this court. It is clearly indicated that this party was not concerned and not interested in the issue involved. No legal obligation is involved which a court of law can not adequately adjudicate. Accordingly, the Supreme Court is without jurisdiction of the case; and under the terms of article 5, section 2, paragraph 5, of the constitution (Civil Code (1910), § 6502), the case must be transferred to the Court of Appeals which has jurisdiction.

The second headnote need not be elaborated.

*Transferred to Court of Appeals. All the Justices concur.*