COMSTOCK *v.* TARBUSH.

No. 15403.   FEBRUARY 19, 1946.

*Thomas E. McLemore,* for plaintiff.

*George F. Fielding,* for defendant.

CANDLER, Justice.   (After stating the foregoing facts.)   The defendant in error has raised the question of the jurisdiction of this court, and insists that the case is of that class over which the

Court of Appeals has jurisdiction. The original petition stated a cause strictly at law with a prayer only for process. Clearly the averments originally made and the relief prayed presented no such cause of action as would be reviewable by this court on a writ of error. Code, § 2-3005. Unless the amendment allowed changed the proceeding begun at law to one in equity, or to one both in law and equity, this court has no jurisdiction. While some of the allegations of the amendment may be appropriate for equitable relief, yet none is prayed, and such an amendment is no broader than its prayers. *Central of Georgia Ry. Co.* v. *Bibb Brick Co.,* 149 *Ga.* 38 (99 S. E. 126). It is well settled in this State, that, in determining the question whether a case is one at law or in equity, the nature of the relief sought, rather than the form of the allegations of the complaint, is important. *Taylor Lumber Co.* v. *Clark Lumber Co.,* 159 *Ga.* 393 (125 S. E. 844). In *Copeland* v. *Cheney,* 116 *Ga.* 685, 687 (43 S. E. 59), this court held that an equitable petition must not only allege facts to show that the plaintiff is entitled to relief, but his prayers must indicate the nature of that relief. The plaintiff in an equitable petition will never be granted any relief unless there is a prayer asking for the specific relief sought, or unless there is a prayer for general relief and the nature of the case is such that, under the prayer for general relief, some character of relief may be granted which is consistent with the case made by the petition and with its specific prayers. Such being the rule, the plaintiff is confined to his prayers for relief; and in order to determine whether an equitable petition sets forth a cause of action, it is only necessary to determine whether the allegations of the petition are such as to authorize the particular relief which is the subject-matter of the prayers. The amendment in the instant case, while making allegations which might be appropriate in equity, contains no prayers for any equitable relief, and consequently did not have the effect of changing the original trover action into an equitable action, or one both in law and in equity. The case is one still strictly at law, and therefore the Court of Appeals and not this Court has jurisdiction of the writ of error. Code, § 2-3009. Accordingly, the case is

*Transferred to Court of Appeals. All the Justices concur.*