21279. UNIVERSAL C. I. T. CREDIT CORPORATION v. PRITCHETT.

Duckworth, Chief Justice. 1. The plaintiff in an equitable petition will never be granted any relief unless there is a prayer asking for the specific relief sought, or unless there is a proper prayer for general relief, and the nature of the case is such that, under the prayer for general relief, some character of relief may be granted which is consistent with the case made by the petition and with the specific prayers

therein. *Copeland v. Cheney,* 116 Ga. 685 (43 SE 59); *Burton v. Metropolitan Life Ins. Co.,* 117 Ga. 899, 900 (2) (172 SE 41). The prayers in the original affidavit of illegality and the two amendments are in that order as follows: (1) "Wherefore, defendant in execution files this affidavit of illegality and prays that he be discharged." (2) "Wherefore, this affiant prays the allowance of this amendment and that he have judgment," and (3) "Wherefore, this affiant prays the allowance of this amendment to his affidavit of illegality, and that the same be sustained, and that he be discharged." Manifestly no equitable relief is prayed for and none can be granted, hence the case is one at law.

2. But the Court of Appeals, not the parties, asserts in its memorandum transferring the case to the Supreme Court that an allegation in paragraph 5 of defendant's first amendment, asking the court to hold said sale in abeyance until it is determined whether or not this affiant is entitled to be paid under said insurance contract, and an allegation in the second amendment as to whether or not affiant is disabled under the terms of the policy of insurance, which is alleged to be a part of the conditional-sale contract, is a question for a jury, "would seem to be an attempt to invoke affirmative equitable relief by having the court declare the respective rights of the three parties." Surely the mere fact that issues of fact are for determination by a jury does not even intimate that it is therefore an equity case. The request to hold a sale and execution in abeyance, without naming any person or persons whom it might be desired to have enjoined, which is denominated a part of paragraph 5 of the pleadings and is not followed by any prayer for equitable relief, is nothing more than a request that a court of law hold such matters in abeyance, and is no semblance of a suit in equity for an injunction. What party to this suit is sought to be enjoined? Obviously no one. Such action as this would seemingly require the filing of another suit naming proper parties thereto.

3. This court had for consideration the express terms of a statute authorizing the courts to enjoin further action until judgment declaring rights could be rendered under the declaratory-judgment statute, in *Milwaukee Mechanics' Ins. Co. v. Davis,* 204 Ga. 67 (48 SE2d 876). It was there held that such an interlocutory order, where no permanent injunction was sought and no other equitable relief was prayed, did not

render the case one in equity as contemplated by the Constitution (*Code* § 2-3704; Const. of 1945), fixing the jurisdiction of the Supreme Court. The principle there ruled is applicable here, where a simple law case made by a foreclosure on personal property was halted by an affidavit of illegality denying that defendant owes the debt and bond for the property was given. There is nothing in the entire amended affidavit of illegality that even hints at a claim that the defendant wants or is entitled to equitable relief against the debt. The case is one at law and not one in equity. The Court of Appeals has jurisdiction, and the writ of error is returned to the Court of Appeals.

*Returned to the Court of Appeals. All the Justices concur.*

ARGUED JUNE 12, 1961—DECIDED JUNE 22, 1961.

*Pittman, Kinney & Pope, L. Hugh Kemp,* for plaintiff in error. *Mitchell & Mitchell,* contra.