41333. SUN INSURANCE COMPANY et al. v. BRANT et al.

JORDAN, Judge. Wyman E. Brant filed suit in the City Court of Savannah on a policy of fire insurance issued to him by the defendant insurance company. The petition alleged in substance that the building insured had been destroyed by fire while the policy was in full force and effect, that proof of loss had been furnished the company and demand for payment made but that the company had refused to pay the loss. The plaintiff sought to recover the face amount of the policy sued upon, plus attorneys' fees and the statutory penalty for bad faith.

By amendment to the petition the plaintiff alleged as follows: "That in said policy of insurance, the said Nick Gerken, the agent of defendant, incorrectly inserted the name of the mortgagee. That the said Nick Gerken named Sam Robinson as mortgagee in said policy and the said Sam Robinson has no rights, title or interest into said property nor any rights, title or interest into said insurance proceeds. That the correct mortgagee is Mrs. M. H. Sisterhenm, and that she should have been listed in said policy." The plaintiff also filed a motion to have Mrs. M. H. Sisterhenm and the administrator of the estate of Sam Robinson made parties-plaintiff to this action. No objection was filed by the defendant and this motion was granted.

To the petition as amended the defendant filed general and special demurrers, the general demurrer and one special demurrer being based upon the ground that the court was without jurisdiction of the suit. These demurrers were overruled, and the exception is to that judgment. *Held:*

1. This was a suit on a contract of fire insurance in which a money judgment only was sought, there being no prayers for equitable relief. The trial court did not err, therefore, in overruling the grounds of the defendant's general and special demurrers which were based upon the contention that this was an equitable action for reformation of contract of which the City Court of Savannah had no jurisdiction.

"Whether a petition is based upon an equitable or a legal cause of action depends upon the nature of the relief sought, as shown by the prayers, which indicate whether the alleged cause of action is intended by the pleader as founded upon equitable or legal principles. *Steed v. Savage,* 115 Ga. 97 (41 SE 272). To make a case in equity, the allegations of the petition must be applicable to the equitable relief prayed, and there must be a prayer either for the specific relief prayed, or for general relief. *Copeland v. Cheney,* 116 Ga. 685 (43 SE 59). Whether a petition states an equitable or a legal cause of action depends upon the relief prayed." *Bernstein v. Fagelson,* 166 Ga. 281, 287 (142 SE 862) ; *Burton v. Metropolitan Life Ins. Co.,* 177 Ga. 899 (172 SE 41) ; *Universal C.I.T. Credit Corp. v. Pritchett,* 217 Ga. 52 (121 SE2d 17). While it was alleged in the amended petition that the wrong party had been named in the policy as the mortgagee, the petition did not pray for reformation of the contract or for the grant of any other affirmative equitable relief; and the fact that a third party (not named in the policy) was made a party plaintiff to this suit could not of itself convert this into an equitable action. This was simply an action at law to determine the issue of the liability of the defendant insurance company under the policy sued upon brought by the named insured, the named mortgagee and a third party alleged to have an interest in the property insured, and as stated by this court in *Georgia Cas. &c. Co. v. Pincus,* 89 Ga. App. 836 (81 SE2d 527), "all persons interested in the contract of insurance should be joined in order properly to adjudicate the question of liability or nonliability of the insurer."

2. The petition which described the insured premises as a building in Garden City, Georgia, on Highway 21, and known as Brant's Garage as covered in policy No. 189856 of the defendant company issued on June 1, 1961, and renewed on June 1, 1962, was not subject to special demurrer on the

ground that the allegations of the petition were insufficient to put the defendant on notice of the property referred to. *Judgment affirmed. Felton, C. J., and Deen, J., concur.*

Submitted June 7, 1965—Decided July 9, 1965.

*Brannen, Clark & Hester, Perry Brannen,* for plaintiff in error. *John R. Calhoun,* contra.