### 23380. PROCTOR v. DIXIE BELL MILLS, INC.

Cook, Justice. The appellant has brought the present appeal to this court asserting that the judgment appealed from is one dismissing an equitable petition. The judgment appealed from affirmed an award of the State Board of Workmen's Compensation denying the claimant additional compensation. While the pleading of the claimant on which this judgment was entered contained some allegations which might be appropriate in an equitable action, the pleading was denominated an appeal and it contained no prayers for equitable relief. The Court of Appeals, and not this court, has jurisdiction of the appeal. Compare *Comstock v. Tarbush*, 200 Ga. 320 (37 SE2d 148).

*Transferred to the Court of Appeals. All the Justices concur.*

Submitted March 14, 1966—Decided March 22, 1966.

*John D. Edge,* for appellant.

*Pittman & Kinney, L. Hugh Kemp,* for appellee.

The notice of appeal in the present case states that the judgment appealed from is one entered December 23, 1965. It is further stated: "An equitable petition was filed in the Gordon Superior Court in an attempt to set aside and [an?] award previously granted, the award of the State Board of Workmen's Compensation was approved or otherwise affirmed by the court on December 23, 1965."

An examination of the transcript of record shows that the order of December 23, 1965, was one affirming an award of the State Board of Workmen's Compensation dated October 5, 1965. The pleading on which this judgment was entered was addressed to the Superior Court of Gordon County, and the first paragraph recited: "Clara K. Proctor, claimant in claim #1196-N before the State Board of Workmen's Compensation against Dixie Bell Mill, Employer and Liberty Mutual Insurance Company, Insurer files this her appeal from the award of the State Board of Workmen's Compensation dated October 5th, 1965 and shows to the Court the following:" It was then alleged that: The claimant suffered an injury on September 23, 1961, in the course of her employment. An agreement was entered into between the claimant and the employer for a full settlement of all claims because of the injury, which agreement was approved by the State Board of Workmen's Compensation. The employer paid the claimant the amount of $3,000 under this agreement. On December 4, 1964, the claimant filed an application with the board for a hearing on the ground of a change in condition. The agreement between the parties on September 24, 1963, is void in that the agreement shows that the claimant had not been paid temporary benefits for 26 weeks under *Code* § 114-417. She is entitled to recover the balance due her up to the amount of $10,000, the maximum due under the Workmen's Compensation Act. The prayers were: "1. That this appeal be filed and that the employer be served and that she have and recover of the employer the balance due under the laws made and provided. 2.

That she have and recover of the employer a reasonable amount for the use of her attorney for the bringing of this appeal."