### 42035. PROCTOR v. DIXIE BELL MILLS, INC.

Deen, Judge. 1. While there are circumstances under which an independent petition in equity will lie to set aside a settlement entered into in a workmen's compensation case (see *Tillman v. Moody,* 181 Ga. 530 (182 SE 906)) the petition in the present case filed for this purpose in the Superior Court of Gordon County failed to set out a cause of action for equitable relief. *Proctor v. Dixie Bell Mills, Inc.,* 222 Ga. 4 (148 SE2d 385). The record in this court, however, shows that the State Board of Workmen's Compensation, construing papers received by it as a proper appeal under *Code* § 114-710, transmitted the proper papers to the superior court, and the case will accordingly be treated by this court as a direct appeal from the award of the hearing director. The motion to dismiss is denied.

2. Compromise settlements of claims are permitted under that part of the Act of 1963 (Ga. L. 1963, p. 141 et seq.) contained in *Code Ann.* § 114-106 where the following facts appear: both sides must be represented by counsel; the dispute regarding the factum or amount of compensation or the applicability of the Act must be bona fide; the parties must agree; the agreement must be reasonable under the evidence available at the time, and it must be approved by the board. Such a settlement differs from an agreement to pay and receive compensation under *Code* § 114-705 in that the conditions prerequisite to its approval are more stringent and the figure agreed upon, whether payable in a lump sum or in installments, represents the total compensation to be paid for the injury. It also differs from *Code Ann.* § 114-417 as amended by the Act of 1963, supra, as the latter provides merely for a method of paying amounts previously adjudicated or agreed

to be payable as compensation by a lump sum rather than an installment method. In the latter case the lump sum method may not be used until after weekly payments have continued not less than 26 weeks; in the former the lump sum method of payment itself may become a part of the compromise settlement and serve as a part of the incentive for entering into the stipulation. In both cases the agreement, having been properly entered into and after receiving board approval, is not subject to further modification, and, in particular, bars a change of condition hearing under *Code Ann.* § 114-709.

3. The stipulation and agreement entered into by the parties in this case by their counsel, and approved by the board on September 30, 1963, recites a bona fide dispute between the parties as to the existence and extent of permanent disability of the claimant, settles upon a final figure of $3,000 in full payment, and contains the provision: "It is the intention of the parties that this stipulation and agreement after approval by the State Board of Workmen's Compensation shall not be subject to review under *Code [Ann.]* § 114-709." It was accordingly not error for the hearing director, on October 5, 1965, to enter an award finding that the claimant was precluded by the award previously entered on the stipulation and agreement from contending that she had subsequently suffered a change of condition. Since the agreement followed the statute which particularly authorized the result reached, it cannot be contended, without an attack on the validity of the statute itself, that the method is void as against public policy. "It has nowhere been held, so far as we are aware, that where the legislature has expressly provided for such contracts, such legislative authority is illegal and contrary to public policy. The expression of the legislature is conclusive on the question of public policy." *Board of Lights &c. v. Dobbs,* 151 Ga. 53, 56 (105 SE 611).

Indubitably, the judge of the superior court properly affirmed the award of the hearing director denying the claimant further compensation.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*

SUBMITTED MAY 3, 1966—DECIDED MAY 13, 1966—REHEARING DENIED JUNE 2, 1966—

*John D. Edge,* for appellant.
*Pittman & Kinney, L. Hugh Kemp,* for appellee.