BLEDSOE *et al. vs.* WILLINGHAM.

1. A defendant in *fi. fa.*, who had due notice of a levy upon a definite interest in land, but took no steps to arrest the sale, and did not give notice, to the officer or to bidders, that her estate was different from that described in the levy, cannot, after a legal sale by the sheriff according to the levy, prevent the purchaser from being put into possession and herself from being turned out. Thus, a tenant in common in *fee simple*, where the levy and sale embraced an estate in the whole premises for her life only, cannot retain the possession by setting up the bare misdescription of her true interest, in answer to a rule brought against the sheriff by the purchaser to have possession delivered.

2. The purchaser at sheriff's sale of an estate in remainder, is not entitled to possession until after the death of the tenant for life. It follows, that if the defendant in *fi. fa.* had an estate, not in remainder but in *fee simple,* and if only a remainder was levied upon and sold, the defendant cannot be turned out of possession so long as the

person named in the levy as tenant for life, though not such in fact, is in existence.

3. A sheriff cannot legally sell a larger estate than that embraced in his levy. Nor can three levies of three several executions, each against a different defendant, be consolidated as authority to sell, so as to make a single act of sale under the whole pass title. Thus, where one of the levies was upon an estate for life in certain realty as the property of one person, the sole defendant in the first *fi. fa.*, and another of the levies was upon an undivided half in remainder in the same realty as the property of another person, the sole defendant in the second *fi. fa.*, and another of the levies was upon an undivided half in remainder in the same realty as the property of another person, the sole defendant in the third *fi. fa.*, a sale of the realty under all of the *fi. fas.* and levies, as one single transaction, and for a gross sum, was illegal and void. The purchaser acquired nothing—no title, no right to possession.

Levy and sale. Sheriff. Estates. Before Judge POTTLE. Oglethorpe Superior Court. October Term, 1878.

Willingham filed his petition against Young, sheriff, making, in substance, the following case :

On October 3, 1876, a tract of land containing one hundred and fifty acres was sold at sheriff's sale, and was purchased by petitioner and one McRae for $63.00. An estate for life of Mary V. Bledsoe in the land had been levied on by Melton, a constable, by virtue of two *fi. fas.* in favor of petitioner against her, and by virtue of three *fi. fas.* against her in favor of McRae, issued from the justice court of the 228th district, G. M. The one undivided half interest in the remainder, after the termination of the life estate, was levied on as the property of Eunice J. Marable, under an execution issued from the same court, in favor of petitioner. The other undivided half interest in the remainder was levied on as the property of Louisa E. McLain, under two executions issued from the 230th district G. M., in favor of McRae. These levies were all made by Melton, constable, and returned with the *fi. fas.* to Young, then deputy sheriff. Notice of the levies was given to Mrs. Bledsoe, the tenant in possession. The property was advertised as required by law, and the sale

Bledsoe *et al. vs.* Willingham.

made by said deputy sheriff. Some weeks after the purchase, McRae sold his interest to petitioner. At the close of the year 1876, petitioner demanded possession of Mrs. Bledsoe, which was refused. To the April term, 1877, of the superior court, petitioner brought ejectment against Mrs. Bledsoe, and William A. and Eunice J. Marable, the last two persons having moved to said land after the sale aforesaid. At the ensuing October term, under the advice of counsel, petitioner dismissed this action, relying upon the proceeding now instituted by this petition for his protection. Young has since been elected sheriff of the county. Petitioner prays a rule *nisi* against him, requiring him to show cause why a rule absolute should not issue directing him to place petitioner in possession of said one hundred and fifty acres.

This petition was filed and rule *nisi* issued at the April term, 1878. At the ensuing October term, the court directed that Mrs. Bledsoe, Mrs. Marable, and the children of Louisa E. McLain, deceased, by W. A. Marable, their next friend, be made parties defendant to the petition. They answered to the effect that at the time of the various levies above recited, and at the time of the sale, they, to-wit : Mrs. Bledsoe, Mrs. Marable, and the children of Mrs. McLain, had each a one-third undivided interest in the land, all of them being tenants in common. They denied any life estate with remainders, as set forth in the levies, and alleged that the levies, advertisement, description and sale, were all void, and hence no title passed by such illegal proceedings.

The sheriff simply asked the direction of the court.

On demurrer, the answer of Mrs. Bledsoe *et al.* was stricken, and the rule made absolute, the court holding that the sole question at issue was the right of the purchaser to be put in possession of the land by the sheriff, and that it could not, in this proceeding, consider the matter raised by the answer ; that the respondents had a remedy at law in ejectment, or by a proper proceeding in equity.

To this decision Mrs. Bledsoe *et al.* excepted.

SAMUEL LUMPKIN; L. & H. COBB, for plaintiffs in error, cited Code, §§3640, 3647.

JOHN C. REED; W. G. JOHNSON; POPE BARROW, for defendant, cited Code, §§3651, 3652.

BLECKLEY, Justice.

1. First, as to Mrs. Bledsoe. The executions against her were levied upon an estate for her life in the premises; she was in possession, and notice was given to her of the levy. She resists being turned out because, in fact, her interest in the land was not an estate for life in the whole or any part, but an estate in *fee simple* in one undivided third. If there had been a legal sale in other respects, this answer would not avail her; for, so far as appears, she took no steps to arrest the sale, and did not give notice to the officer or to bidders that her estate was different from that described in the levy. Must plaintiffs and levying officers know at their peril the full magnitude of the interest which defendants in execution have in land? We think not, so far as defendants themselves are concerned, especially where due notice is given directly to such defendants of the levy. It may be that where a less estate than that really owned by a defendant is levied upon, the officer, upon being informed of it, might be under obligation to change the levy so as to grasp the larger estate, and if he refused to do it, the sale might be arrested by affidavit of illegality, or by some other means. Possibly, too, a defendant might stand excused from taking any steps whatever to arrest the sale, further than to give notice to the officer and to bidders. But when a defendant has due notice of a levy which is not accurate in the description of his interest, he ought certainly to do something if he does not mean to acquiesce, and not act as if he did acquiesce. The Code, section 3640, declares, it is true, that "the officer making a levy shall always enter the same on the process by virtue of which such levy is made, and in such entry shall plainly describe the property levied

on, and the amount of the interest of the defendant therein." But this language does not mean that the interest described shall always, as matter of fact, be the true interest, at the peril of a void sale. It means that the interest intended to be seized and sold, must be defined or specified in the levy, and not set out generally as an interest, or as the interest of the defendant in the property. Doubtless the purpose and expectation of the law are that officers will be diligent, for the sake of both parties to the process, and that the result will commonly be a description corresponding to the fact of the actual interest in the particular case. Of course, the law wants the true interest ascertained and set out; but, as we have stated, where some certain and definite interest is expressed in the levy, and the defendant has notice of it, and yet does nothing and says nothing, the sale will not be void to the extent of the interest specified, though it may turn out that he owned a larger estate. For the reasons which we have endeavored to assign, and for the further reason that the purchaser at sheriff's sale of a life estate in land, the tenant for life being in possession, is entitled to be put into possession by the sheriff, or to a proper order of court for that purpose, this purchaser, had the sale been otherwise due and legal, would have a right to the order prayed for in this application, as against Mrs. Bledsoe.

2. Next, as to the other ladies, Mrs. Marable and Mrs. McLain. The executions severally against them were levied upon an undivided half in the remainder, one half as the property of the former, and the other half as the property of the latter, the supposed life estate of Mrs. Bledsoe being described as the particular estate upon which this undivided remainder was dependent. Now, it is a sufficient reason for not turning either of these ladies or their representatives out, that Mrs. Bledsoe is still alive, and they, or their representatives, do not claim under her, but as tenants in common with her. They cannot be removed by reason of the sale of her supposed life estate, because they do not enjoy the

possession by her favor but by their own right; and they cannot be turned out by reason of the sale of their supposed remainder interest, because the purchaser of a remainder is not entitled to enter so long as the particular estate is in existence. At sheriff's sale the purchaser cannot acquire a larger estate than that levied upon; if the levy is upon a remainder, only a remainder, at most, passes. He cannot be heard to say that there is in fact no particular estate and never was. As to him, it makes no difference, with reference to a present right of possession, that the nominal tenant for life mentioned in the levy is a tenant in common in fee, and not a tenant for life. A remainder is an estate that stands over for future enjoyment, and having bought a remainder, *eo nomine*, and nothing else, he must wait. We will not here go into the effect of a misdescription of the real interest of Mrs Marable and Mrs. McLain; for, as they were not served with notice of the levy as was Mrs. Bledsoe, the question as to them is not so easy of solution; and any solution of it is rendered unnecessary, now or hereafter, by the concluding head of' this opinion.

3. The sheriff sold the land under all the *fi. fas.*, as one single act and for a gross sum. The *fi. fas.* were against, the three ladies severally, no one of them embracing more than one defendant. And there were two separate plaintiffs, one in certain of the *fi. fas.*, and the other in the rest. The levies were unlike, those affecting Mrs. Bledsoe being upon an estate in the land for her life, and those affecting the other two being (each set) upon an undivided half in the remainder. What did the life estate sell for? What did each undivided half of the remainder sell for? What credit should be entered on the *fi. fas.* against Mrs. Bledsoe, and what upon those against each of the others? Is there any possible answer to these questions, outside of mortuary tables and the doctrine of mere chances and probabilities? For the sheriff to pool similar levies upon the same property of one and the same defendant, may not be uncommon or improper; but to pool dissimilar levies against different de-

fendants, and sell under all at the same time and for one gross price, is such a proceeding as we have never heard of before. There is no doubt that the sale was illegal and utterly void, and that the purchaser took nothing as against any of the defendants in execution; that he acquired no title, nor any right of possession, present or prospective. It was error to grant any order to aid his entry.

Judgment reversed.