### Bull *et al. vs.* Walker *et al.*

[Hall, Justice, being disqualified, Judge Estes, of the Northeastern Circuit, was designated to preside in his stead.]

Salina P. Hall made her will as follows:—"It is my will and desire that at my death all my property, both real and personal, after the payment of my just debts, should go into the possession of my daughter, Susan P. Howard, and be for her sole use and benefit for and during her life, but not in any manner to be subject to her debts, and at her death to be divided among my grand children, the children of the said Susan P. Howard, in such manner and proportion as she, the said Susan P. Howard, may think most equitable and just, at her death,—of this she is to be the sole judge. I constitute and appoint my grandson, John W. Howard, trustee of my daughter, Susan P. Howard, with the request and instruction that the property given to her during her life shall be kept and held for the sole use and benefit of her and her children, and not in any manner to be subject to be taken, sold or disposed of

for her debts." Susan P. Howard qualified as executrix in 1845. She was a widow with children. She remained a widow to her death, which occurred in 1879:

*Held*, 1, That Susan P. Howard took a life estate, and her children took a vested remainder, at the death of testatrix, in her estate.

2. That John W. Howard was made trustee of Susan P. Howard alone, and his powers extended only to her life estate, and continued only to her death.

3. When the executrix and trustee sold certain of the property conveyed by the will, and invested the proceeds in other property, the premises in dispute, taking a deed thereto in their representative names, expressing in the deed that "said lot to be held by them for the use and upon the trusts expressed and declared in the will of Salina P. Hall. said lot and part of lot being substituted for the place whereon Salina P Hall resided at her death :"

*Held*, that the property so purchased took the place of that which was conveyed by the will, and no other or different estate was created therein by those transactions subsequent to the death of testatrix.

4. That a purchaser of the property so substituted for any of the property conveyed by the will, at a sale of the same under execution against Susan P. Howard individually, would get no greater interest therein than Susan P. Howard owned, to-wit: her life estate.

5. The life tenant being entitled to the possession of the property, no suit could be maintained therefor by the remaindermen, and no possession thereof could become adverse, so as to ripen into a prescriptive title as against the remaindermen, so long as the life tenant lived.

6. Seven years not having elapsed after the death of Susan P. Howard before the bringing of this suit, the plaintiffs' right to recover was not barred.

February 9, 1884. (Head-notes by the Court.)

Wills. Estates. Trusts. Administrators and Executors. Legacies. Title. Levy and Sale. Remainders. Prescription. Before Judge HAMMOND. Fulton Superior Court. April Term, 1883.

Reported in the decision.

B. F. ABBOTT ; E. N. BROYLES : JOHN D. CUNNINGHAM ; D. P. HILL & SON, for plaintiffs in error.

VAN EPPS, CALHOUN & ·KING·; GEO. S. THOMAS, for defendants.

ESTES, ·Judge.

Three separate actions of ejectment were brought in the common law form in favor of John Doe, *ex. dem.* Thomas E. Walker *et al.*,—one against Reuben Chapman *et al.*, another against Miles G. Dobbins *et al.*, and the other against J. H. Porter *et al.*, for the recovery of certain lands in Fulton county.

By agreement of the parties, the three cases were consolidated, and submitted upon an agreed statement of facts to the Hon. W. R. Hammond, judge of the superior courts of the Atlanta Circuit, who was to pass upon and determine said cases without the intervention of a jury.

The following is the agreed statement of facts upon which said cause was submitted, to-wit:

" First.—That Salina P. Hall died in 1844 testate, leaving as her will the original of which the paper annexed is a true copy, marked ' Exhibit A.'

" Second.—That Susan P. Howard qualified as executrix under said will, and letters testamentary were granted to her at the July term, 1845, of the inferior court of Bibb county.

"Third.—That the Macon property, described in said will as the residence of testatrix, was sold, and the proceeds thereof expended in the purchase of the property in dispute from Robert Orr, by deed, a copy of which is hereto attached, marked ' Exhibit B.'

" Fourth.—That Robert Orr owned said land under valid title, and was in possession on February 11th, 1851, the date of said deed.

" Fifth.—That Susan P. Howard died intestate in January, 1879.

" Sixth.—That the lessors of plaintiffs are the children and descendants of children of Susan P. Howard.

" Seventh.—Salina P. Hall lived on the property in Macon prior to and at the time of her death. Susan P. Howard, her daughter, lived there after her death about five years. The property was sold after that to W. W. Cherry. Two thousand dollars were realized from it. The proceeds arising from the sale in Bibb county were immediately reinvested in the property in dispute by John W. Howard, said property consisting of about 200 acres, with improvements, bought from Orr, who gave John W. Howard a deed therefor, as trustee for Susan P. Howard, and said deed was recorded in Fulton county. Susan P. Howard removed to it, and resided on it for about eight years. The deed of Orr to Susan P. Howard, executrix, and John W. Howard, as trustee, was executed with the knowledge and consent of John W. Howard, he having been consulted about the sale. John W. Howard himself had the deed recorded.

" What is contained above in this 7th head is taken from the interrogatories of John W. Howard, and is to be taken with all the other evidence in the case.

" Susan P. Howard was a widow at the death of Mrs. Salina P. Hall, and remained a widow until the death of Mrs. Susan P. Howard, having no issue born to her after the death of Mrs. Salina P. Hall.

" Eighth.—That the property in dispute, to-wit. All of land lot 151 in the 14th district of originally Henry now Fulton county, (except fifty acres, being the northeast quarter thereof, now in possession of Shehane) and 8½ acres of land lot No. 152 in said district, in the northeast corner of said land lot, was sold at sheriff's sale in May, 1860, under various *fi. fas.* against Susan P. Howard individually, and was knocked off to Thos. A. Kennedy at the price of seven hundred and fifty dollars, and who took sheriff's deed thereto.

" Ninth.—That the present tenants in possession, defendants hereto, hold said land under a chain of title, for valuable consideration, from said Thos. A. Kennedy.

" Tenth.—The defendants, or their privies in estate, have been in possession under said chain of title ever since said sheriff's sale to Kennedy, to-wit: since May, 1860, said possession being uninterrupted. Thos. A. Kennedy sold and conveyed the land in dispute to W. P. Orme, on the ————day of———— ————18——, and said Orme, for the consideration of $5,000.00, sold and conveyed same in fee simple to Samuel J. Pinkerton, Philander P. Pease and Lucius B. Davis, on the 18th of December, 1862, and the defendants hold under latter by regular conveyances, to present time. All of said conveyances, except sheriff's deed to Kennedy and Kennedy's deed to Orme, were duly recorded. These two last mentioned deeds were recorded, whether in time or not is not known, as the records thereof and the original deeds are lost, but it is probable that the sheriff's deed to Kennedy was recorded in 1862, and not in time.

" Eleventh.—That the mesne profits since the death of Susan P. Howard, issuing out of the several portions of the premises in dispute, held by the several tenants in possession, defendant to these suits, over and above all improvements placed thereon during said period, are as follows, to-wit:

As to Miles G. Dobbins . . . . . . . . . . . $66 66⅔
As to Wm. M. McLean . . . . . . . . . .    66 66⅔
As to Jas. H. Porter *et al.* . . . . . . . . .    66 66⅔

" Twelfth.—The *fi. fa.* hereto annexed and marked exhibit 'C,' was levied on said property, and a claim interposed, as shown by said exhibit 'C.'; the lessors of the plaintiff reserving all objection as to the admissibility, and effect of said testimony and its completeness as affecting the rights of said lessors.

" Thirteenth.—The *fi. fa.* hereto annexed and marked exhibit 'D,' was levied thereon, and a claim interposed, as shown by said exhibit 'D,' and a verdict thereon, as shown by exhibit 'E.' The lessors of the plaintiff reserve all objections as to the admissibility and effect of

said testimony, and its completeness as affecting the rights of said lessors."

### EXHIBIT "A."

### Last will and testament of Salina P. Hall:

"Georgia—Bibb County:

"Know all men by these presents that I, Salina P. Hall, being of an advanced age and in feeble health, but of sound and disposing mind, do make this my last will and testament.

"It is my will and desire that at my death all of my property, both real and personal, after the payment of my just debts. should go into the possession of my daughter, Susan P. Howard, and be for her sole use and benefit for and during her life, but not in any manner to be subject to her debts, and at her death to be divided among my grand-children, the children of the said Susan P. Howard, in such manner and proportion as she, the said Susan P. Howard, may think most equitable and just at her death, taking into consideration their condition and necessities. Of this she is to be the sole judge. I constitute and appoint my grandson, John W. Howard, trustee of my daughter, Susan P. Howard, with the request and instruction that the property given to her during her life shall be kept and held for the sole use and benefit of her and her children, and not in any manner to be subject to be taken, sold or disposed of for her debts.

"I give unto my granddaughter, Isabella A. Howard, a negro woman, Caroline, and her issue. Should the said Isabella A. die without issue, then the property which I have specifically bequeathed to her be given and divided as my daughter, Susan P. Howard, may direct, to my other grandchildren. I constitute and appoint my daughter, Susan P. Howard, my executrix of this my last will and testament. With regard to the place at which I now live, it is my wish that my daughter should live here at my death; if, however, her inclination or interest should require, she can sell the same, but the money arising from the sale must be reinvested in a place elsewhere for the sole use and benefit of herself and children, to be disposed of at her death to my grandchildren in such manner and proportion as she may think best.

"In witness whereof I have hereunto set my hand and affixed my seal, this 4th day of March, in the year of our Lord one thousand eight hundred and forty-four.

SALINA P. HALL, [SEAL.]"

" Signed, sealed, etc., in the presence of witnesses:

C. VAUGHN,

Jos. HUNT,

JAMES B. PAYNE."

This will was duly probated and admitted to record, and Susan P. Howard qualified as executrix of the will.

### EXHIBIT "B."

" GEORGIA—Fulton County.

"This indenture, made 11th of February, 1851, between Robert Orr, of the one part, and John H. Howard, trustee, and Susan P. Howard, executrix, showeth that the said Robert Orr has sold a lot of land, No. 151, and eight acres off northeast corner of No. 152, in the 14th District of originally Henry now DeKalb, for and in consideration of the sum of $700 to him in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, unto the said John W. Howard, trustee, and Susan Howard, executrix, of the will of Salina P. Hall, said lot to be held by them for the use and upon the trusts expressed and declared in the will of Salina P. Hall, said lot and part of lot being substituted for the place whereon Salina P. Hall resided at her death and at the time of sealing, signing, publishing and declaring her last will and testament, and which last mentioned place has been sold and conveyed to Ezekel Hall, of the county of Crawford, for the price or sum of $1.000, as will more fully and at large appear by a certain deed of indenture made by the said Susan P. Howard and John W. Howard to the said Ezekel Hall. Said deed bears date the — day of February, 1851. The said will of Salina P. Hall is on record in Bibb county. The said Orr hath granted, bargained, sold and conveyed, and doth by these presents grant, bargain and convey unto the said John W. Howard and Susan P. Howard (in accordance with the will of Salina P. Hall, as stated above), her heirs and assigns, all that tract or parcel of land situate, lying and being in the county formerly Henry now DeKalb county, No. 151, and 14th District, containing 202½ acres, more or less, the grant being dated the 6th of December, 1823, and also 8½ acres, be it more or less, of lot or parcel of land having the following beginning on the northeast corner of lot No. 152, formerly Henry now DeKalb county ; thence west fifteen chains twenty links to a sour wood corner ; thence south five chains sixty-two links to a white oak corner ; thence east fifteen chains twenty links to the east line of said lot ; thence on said line to the beginning corner. To have and to hold said tracts and parcels of land unto her the said Susan P. Howard and him the said John W. Howard, as trustee, her heirs and assigns, together with all and singular the rights, members and appurtenances thereof to the same in any manner belonging, to have their proper use, benefit and behoof forever in fee simple. And the said Orr, for himself, his heirs, executors and administrators, the said bargained premises unto the said Susan P. Howard and John W. Howard, trustee, her heirs and assigns will warrant and forever defend the right

and title thereof against themselves and against the claim or claims of all other persons whatever. The said Susan P. Howard and J W. Howard hereby obligate themselves to reserve the grave-yard or spot on said lot of land from intrusion or being disturbed.

"In witness whereof the said Robert Orr hath hereto set his hand and seal the day and year above written.

ROBERT ORR."

"Signed, sealed and delivered in presence of—
JOEL HERRING, [Test,]
EDWIN S. HOWARD."

This deed was properly probated and recorded in the clerk's office of the superior court of Fulton county, Ga.

An execution, issued from superior court of Dekalb county on 8th November, 1853, for $82.84 principal, besides cost, in favor of T. M. Jackson & Co. *vs.* Susan P. Howard, was put in evidence. On the 27th of February, 1854, this *fi. fa.* was levied on land lot 151 and 8½ acres of land lot 152, as the property of Susan P. Howard.

The property was claimed by John W. Howard, as trustee for Susan P. Howard and her children, appointed under the will of Salina P. Hall, late of Bibb county, deceased.

A *fi. fa.* in favor of Benj. O. Jones against Susan P. Howard for $71.83, issued 8th November, 1853, levied on land lot No. 151 and 8½ acres of lot 152, in the 14th district of Fulton county, Ga., was also put in evidence.

This levy was stopped by the interposition of a claim by John W. Howard, trustee, and the property levied on was found subject, and *fi. fa.* allowed to proceed, October 5, 1859. Also the verdict of the jury finding the property subject on the claim case stated.

Upon this state of facts, the court below, at the regular spring term of Fulton superior court, 1883, rendered judgment for the plaintiff, for the premises in disputes, with mesne profits. To that judgment the defendants excepted, and assigned the same as error. Was that judgment right? This is the question for our determination.

1. To determine this question, we must necessarily construe the will of Salina P. Hall, for under the agreed facts it appears that the lessors of the plaintiffs are the children

and-descendants of children of Susan P. Howard, who, with her children, was by the terms of the will made the especial object of the testatrix's bounty, and the sole objects thereof, except as to the specific legacy bequeathed to Isabella A. Howard. It becomes necessary, therefore, to determine what was conveyed by the will of Salina P. Hall, and to whom it was conveyed.

Without again quoting the terms of the will, we are clearly of opinion that the testatrix intended to give all her property, real and personal, to her daughter, Susan P. Howard, for life, to be by her used and enjoyed for the benefit of herself and her children. Thus a life estate in said property was conveyed to said Susan P. Howard, and only a life estate. Power was conferred upon her, if she saw fit to exercise it, to direct "the manner and proportion" in which said property should be divided among her children.

Then, having determined the estate which by the will was conveyed to Susan P. Howard, we are led next to inquire what estate passed under the will to the grandchildren of testatrix, the children of Susan P. Howard. Clearly it was a remainder, and while, under the view we have taken of this case, it is not material whether that remainder was vested or contingent, we do not hesitate to pronounce it a vested remainder.

What are the distinctive properties or qualifications of a vested remainder? "A vested remainder is one limited to a certain person at a certain time or upon the happening of a necessary event." Code, §2265.

Here all the conditions are met. The estate is certain, the person or class of persons to whom it is devised is certain, and the event fixing the time when its enjoyment should commence a necessary one.

It is true that Susan P. Howard had the right to fix "the manner and proportion" of the division amongst the re-maindermen, but no act or deed was required by the will to be done, either by Susan P. Howard, the executrix,

or by John W. Howard, the trustee, in order to entitle the remaindermen to their estate. So that the remainder was "limited to certain persons, upon the happening of a necessary event," and thus it fulfills the definition of a vested remainder. Code, §2265; 4 Ga., 377; Jarman on Wills, 2 vol., 406 and notes.

2. It was insisted in the argument that the legal estate was vested in John W. Howard, as trustee for Susan P. Howard and her children. The reply is that the will expressly names him "trustee of my daughter, Susan P. Howard." The duty devolved upon him was to see "that the property given to her during her life should be kept and held for the sole use and benefit of her and her children, and not in any manner to be subject to be taken, sold or disposed of for her debts." The only duty required of him was to protect the life estate of his mother from sale for her debts. Nothing was required of him in reference to the remainder estate.

A trustee takes no greater estate than is absolutely necessary for him to carry out the purposes for which the trust was created. Code, §2340.

3. It was also insisted in the argument that the legal estate was vested in Susan P. Howard, as executrix, and that it remained in her until the will was fully executed, or if by the will the estate was not vested in the executrix, that the deed made by Orr to Susan P. Howard, executrix, and John W. Howard, trustee, conveyed to them the legal fee simple title to the premises in dispute.

The reply is that if, as we hold, the will created no trusts which required that the title for life or in fee should go into trustees, then the trusts were executed, and a deed conveying the title to trustees upon the trusts expressed in the will conveyed upon executed trusts, and the statute of uses at once executed the uses of the deed, and cast both the legal and equitable title upon the *cestuis qui trust.*

The deed, in express terms, specifies the trusts to be the same as those created by the will. No more was required

by the deed than by the will. No new duty was imposed, and no new estate was created thereby.

4. Therefore, when the property in dispute was sold at judicial sale, under execution against Susan P. Howard individually, the purchaser at such sale got no other title than that which was in the defendant in such execution, to-wit : the life estate of Susan P. Howard.

5. The life tenant being entitled to the possession of the property, no suit could be maintained therefor by the remaindermen, and no possession thereof could become adverse, so as to ripen into a prescriptive title as against the remaindermen, so long as the life tenant lived.

6. Seven years not having elapsed after the death of Susan P. Howard before the bringing of this suit, the plaintiffs' right to recover was not barred.

Judgment affirmed.