WADE v. WADE.

ATKINSON, J. In 1871 George W. Minor executed a deed to William Wade, conveying lot 24 in the eighteenth district of DeKalb county, "with the exception of 22 acres in the northeast corner, owned by Simeon Smith, and except ten acres deeded to the Stone Mountain Enterprise Company, adjoining said Simeon Smith in the northeast corner." In June, 1875, William Wade executed a deed to his wife, Armenia Wade, and designated children, conveying the property to them in fee, and describing it as indicated above, with the exception that the ten acres referred to were recited to have been "deeded to the Stone Mountain Granite Company." In April, 1891, one of these grantee children executed a conveyance of his interest in the property to Armenia Wade, and to others, his sisters and brothers. Three of the grantee children died; one, a daughter, leaving a husband and children surviving her. The other two were sons, who left no wife or children. In May, 1891, Armenia Wade and such of the grantee children referred to (except the one who had conveyed his interest to the others) as were then in life executed a deed to William Wade and Armenia Wade, reciting that it was so executed in order to correct certain mistakes in the deed executed by William Wade in 1875, and to carry out the real intentions of the grantor in that deed. After making such recitals, the deed purported to convey the property to William Wade and Armenia Wade, "for and

during their natural lives, with the rights of possession, enjoyment, and use of all the appurtenances thereof" to the property. It also named as a grantee James Wade, a child born subsequently to the execution of the deed made in 1875, "and such other child or children that may be hereafter born of the said William Wade and Armenia Wade, so that they may have share and share alike with us all in said property after the life-tenants' death." The land conveyed by this instrument was described as it was described in the deed executed by William Wade in 1875. John F. Wade, a son, was a grantor in the last-named deed, and a grantee in the two deeds next preceding it. In 1911 Armenia Wade instituted an action against John F. Wade, alleging, among other things, all that is stated above, and further: that under the deed executed by Minor in 1871 the grantee entered and maintained possession for more than thirty years; that in 1892 petitioner and William Wade executed a deed to John F. Wade, conveying five acres in an adjoining lot, and two acres in lot 24, which, however, were not accurately described; that subsequently, and from time to time, John F. Wade encroached upon lot 24, and thereby succeeded in taking possession of a designated portion thereof in excess of the two acres which had been conveyed to him, to which he asserted title adverse to the rights of the petitioner and the other children, and took exclusive possession thereof; that as a matter of fact no deed had ever been executed to the Stone Mountain Granite Company, or any other person, to ten acres of lot 24, as recited in the several deeds above mentioned; that the petition was brought to recover plaintiff's "legal right of possession" in the property, and mesne profits, etc., but not "her equitable title to the fractional interests hereinbefore described." The prayers were, that the court decree that the defendant was not entitled to possession of that portion of lot 24 covered by his alleged encroachment, or any part thereof or interest therein, but that the plaintiff be decreed to be entitled to the same; that if the defendant should be found entitled to any right of possession in such property, his right thereto be defined; that the proper interest of the plaintiff in said land be adjudged and decreed; and that the plaintiff recover mesne profits, attorney's fees, etc.. *Held*, that the petition alleged such title in the land described as in dispute, as would support a decree in favor of the plaintiff for some relief; and it was erroneous to dismiss the petition on general demurrer.'

*Judgment reversed. All the Justices concur.*
NOVEMBER 20, 1912.

Complaint for land. Before Judge Roan. DeKalb superior court. September 16, 1911.

*Alexander & Candler,* for plaintiff.

*Alonzo Field,* for defendant.