BROWNING, next friend, *v.* HALL *et al.*

No. 7613. DECEMBER 11, 1930.

*E. L. Stephens* and *T. E. Hightower,* for plaintiff.

*J. S. Adams,* for defendants.

RUSSELL, C. J. This case was tried without a jury before Honorable Eschol Graham, Judge of the Oconee Judicial Circuit, presiding instead of Honorable Earl Camp, Judge of Laurens Superior Court, disqualified, upon the following agreed statement of facts:

Mrs. M. J. Pharris executed a deed conveying described land to Mrs. Rachael Browning "for and during her natural lifetime only, and after her death to her child Missouri Browning, and such other children as may be born to her the said Mrs. Rachael Browning," in fee simple. Afterwards Mrs. Pharris brought suit against

Mrs. Browning, and in this action the life-estate of Mrs. Browning in the property was canceled but the remainder interest therein of her children was not canceled. Later Mrs. Pharris conveyed the property to Annie Mae Hall, reserving unto herself (Mrs. Pharris) a life-estate therein, and, after her death, Annie Mae Hall to hold so long as the said Mrs. Browning may live. Mrs. Pharris then died, and Mrs. Rachael Browning, as next friend of her children, brought an action for the land against Ira Hall and others, who claimed under the deed of Mrs. Pharris to Annie Mae Hall.

The only question for the court below to decide was whether the plaintiff's children are now entitled to possession of the land under the conveyance to their mother, or is their right of possession postponed until the death of their mother, Mrs. Browning, the first life-tenant. The court found in favor of the defendant a life-estate in the premises during the life of Mrs. Browning, and that after the death of Mrs. Browning the lands go to the plaintiff's children in fee simple; and rendered judgment accordingly. To this judgment the plaintiff excepted.

We are of the opinion that the judge correctly decided the question which is presented for our consideration in the bill of exceptions. As appears from the statement of facts, the plaintiff sought to recover from the defendant a described tract of land, upon the theory that a life-estate which had been created by Mrs. Pharris terminated with her death, and that as remaindermen in the deed made by their grandmother, and in which their mother, Mrs. Browning, was named as life-tenant, the plaintiff's children are now entitled to the land in fee. While we are not cited to any case, nor has a diligent examination of the reports of this court disclosed a precedent in the form of a decision upon the exact question here involved, we are quite certain that under the peculiar facts of this case the question presented is one of easy solution, when well-settled principles of law are applied to the facts. On October 17, 1912, Mrs. Pharris made a deed which in terms conveyed to her daughter, Mrs. Browning, for life, with remainder to a named granddaughter and any other children that might be born to Mrs. Browning. In so far as Mrs. Browning was concerned, Mrs. Pharris's deed contained a provision for a forfeiture of the life-estate under certain circumstances. There was no provision in the instrument which could work a forfeiture of the conveyance to

the grandchildren of the title in fee. Thereafter by a proper proceeding Mrs. Pharris, the grantor, moved to cancel so much of the deed as related to Mrs. Browning, upon the ground that the latter had forfeited her life-estate, and this portion of the deed was by an appropriate decree avoided and canceled. This could not accelerate the possession of the remaindermen. Not only was Mrs. Pharris still in life, but by the express terms of the deed the estate in remainder was not to take effect until the death of Mrs. Browning; and Mrs. Browning being still in life, it follows as a matter of course that by the decree cancelling Mrs. Browning's rights Mrs. Pharris got back from Mrs. Browning just what was conveyed to Mrs. Browning, and all she conveyed to Mrs. Browning, with the result that the estate in remainder was entirely unaffected, and the remaindermen were entitled only to the remainder in fee, effective only upon the death of Mrs. Browning. Under these circumstances Mrs. Pharris regained, by the decree for cancellation, all the interest which she had not previously conveyed to the plaintiff's children as remaindermen. It matters not that as a general rule the title of the remainderman is vested upon the death of the grantor in a deed which carries a right of possession in the first instance to the life-tenant; for in this case the provision for the forfeiture of the life-estate of Mrs. Browning requires that this deed be construed by its particular terms, and that it be given effect in accordance with the intention of the parties thereto, Mrs. Pharris and Mrs. Browning. The stipulation in the deed requiring Mrs. Browning to support and maintain Mrs. Pharris during the latter's life, etc., and, upon her failure to perform, gave Mrs. Pharris the right to forfeit the life-estate, evidenced that both parties contemplated the possibility that there might be a forfeiture. It is easily inferable, if not perfectly plain, that Mrs. Pharris foresaw that, without the stipulation and right of forfeiture to which we have referred, a contingency might arise in, which, if Mrs. Browning died, she as grantor would be left without any support or any means of livelihood except voluntary contributions from the remainderman. So it must be held that it was the intention of Mrs. Pharris, and the deed executed with this condition, that if Mrs. Browning did not perform the obligations as to maintenance and support assumed by the acceptance of the deed, a forfeiture would be insisted upon, and if the grant in the deed were canceled

she would have regained the consideration of the conveyance to Mrs. Brown, and would perhaps be able to obtain from some other person the maintenance and support which Mrs. Browning undertook to afford. The deed having been canceled as to Mrs. Browning, the remaindermen were unaffected. They still had the same remainder interest originally granted, for Mrs. Browning is not dead. They have no right to complain, for Mrs. Pharris had the right to sell what was restored to her by the decree of cancellation, and which she did in this way practically recover from Mrs. Browning. None of the cases cited by counsel for the plaintiff seem to us to be in point, because the cardinal rule of construction of all instruments is first to look to the intention of the maker, unless the grant or other writing is contrary to law or the policy of the State. The cases cited by counsel, in regard to acceleration of remainder estates generally, have no application to a case like that at bar, where the removal of the life-tenant was due to the violation of express obligations, and therefore not an ordinary life-estate. It is in effect a contingent estate, and by the terms of the deed the remaindermen are not bound, because the estate of the life-tenant was terminated, not by death, but by the failure to perform her obligations. The deed of Mrs. Pharris does not provide that the fee should be vested upon the death of the grantor, Mrs. Pharris, by reason of the cancellation of the deed to Mrs. Browning. There can be no acceleration of the remaindermen's right to possession by reason of the death of Mrs. Pharris, or for any other reason, because by the decree in the suit for cancellation Mrs. Pharris regained whatever right she gave to Mrs. Browning, and this was a salable interest in the land until Mrs. Browning ceased to be. Mrs. Pharris had the right to dispose of this interest to Mrs. Hall for a consideration; and we see no reason why Mrs. Hall and her assigns are not entitled to the possession of the premises, as held by the learned trial judge.

*Judgment affirmed. All the Justices concur.*