McDANIEL *et al. v.* BAGBY, executor, *et al.; et vice versa.*

Nos. 16481, 16482.   FEBRUARY 15, 1949.

754

*S. G. North* and *Jeff C. Wayne*, for plaintiffs.

*Wheeler, Robinson & Thurmond* and *A. G. Liles*, for defendants.

HEAD, Justice.  ▮ Plaintiffs in error in the main bill of exceptions (plaintiffs in the court below, hereinafter referred to as the plaintiffs) contend that F. F. McDaniel has forfeited his life estate in the property by conveying it back to his wife, or that the life estate of McDaniel became merged with the life estate reserved by the wife, and that, upon the death of the wife, the life estate of McDaniel was terminated.

The Code, § 85-710, provides that, "if two estates in the same property shall unite in the same person in his individual capacity, the lesser estate shall be merged in the greater." In this case the wife reserved a life estate in the property for her own use, and at the termination of this estate, a life estate for the benefit of her husband, F. F. McDaniel. The two estates being for the lives of two separate persons, they could not merge as one life estate. If the fee and the estate for life were both held by the same person, the life estate would be merged in the fee. The life estate of the husband could have been merged with the fee upon proper conveyance to the wife of the life estate and all of the remainder interest, and upon her death, her heirs would take the whole estate. It is alleged, however, that the deed ("Exhibit B") was not signed by the plaintiffs, who were three of the six remaindermen in the original deed from Mrs. McDaniel, and that as to them the deed purporting to convey the property back to Mrs. McDaniel is a forgery.

Council for the plaintiffs concede in their brief that the limitation or provision in the deed (creating a life estate for F. F. McDaniel) which purports to terminate the life estate upon it becoming subject to any debt or claim against the husband is void, the habendum clause not containing any restriction or limitation. See *Franklin* v. *Blackshear Manufacturing Co.*,

144 *Ga.* 208 (86 S. E. 536). That part of the deed creating a life estate for the husband does not limit the right of the husband to sell and convey his life estate, and the estate created for him for life would not be terminated solely because it was conveyed by him back to the original grantor. See *Browning* v. *Hall,* 171 *Ga.* 560 (156 S. E. 190).

A person can "convey no greater title than he has himself." Code, § 96-111. Should the holder of a life estate undertake to convey the entire estate in lands, no forfeiture would result; he would simply convey his estate for life. § 85-609; *Fletcher* v. *Horne,* 75 *Ga.* 134, 138.

The plaintiffs apparently concede that their father, F. F. McDaniel, executed the deed. It is not contended that the deed is a forgery as to him, nor is it contended that it is a forgery as to the defendants. It is contended solely that it is a forgery as to the plaintiffs. If, under the allegations of the petition, the deed is valid as to the defendants and as to McDaniel, Mrs. McDaniel procured at the time of its delivery an undivided three-sixths interest in the fee in the property. She also became the owner of the life estate of her husband in all of the property. The defendants, as legatees under the will of Mrs. McDaniel, took an undivided three-sixths interest in the fee of the property, and the estate for life formerly vested in F. F. McDaniel. Until the death of F. F. McDaniel, the estate created for his life is not terminated, and the plaintiffs would not be entitled to recover possession of the property, or to have it partitioned for their benefit, and as an action for the recovery of land their petition fails to state a cause of action. See Code, § 85-709; *Bledsoe* v. *Willingham,* 62 *Ga.* 550 (2); *Bull* v. *Walker,* 71 *Ga.* 195; *Lamar* v. *Pearre,* 82 *Ga.* 354 (9 S. E. 1043); *Wallace* v. *Jones,* 93 *Ga.* 421 (12) (21 S. E. 89); *Seaboard Airline Ry.* v. *Holliday,* 165 *Ga.* 200-203 (140 S. E. 507).

The plaintiffs in this case seek to cancel as a cloud on their title the deed ("Exhibit B") which appears on its face to have been executed by all of the parties who were grantees in the deed from Mrs. McDaniel, as shown by "Exhibit A." It is alleged that as to the plaintiffs the deed is a forgery, and that it tends to cast a cloud upon the interest and title of the plaintiffs in the property described.

It is a general rule that a remainderman or reversioner may at once resort to equity to have a false or fraudulent claim adjudicated as a cloud upon his title. The right to sue is not affected by the rule that actions for possession of the estate can not be maintained by the remaindermen until the life estate is terminated by the death of the life tenant. 31 C. J. S., 116, § 98, states the rule that, "In general, before expiration of the preceding estate, remaindermen may sue to have their rights adjudicated where adverse claims are being asserted against them." See 44 Am. Jur., 44, § 57; Commercial Building Co. v. Parslow, 93 Fla. 144 (3) (112 So. 378); Cox v. Corrigan-McKinney Steel Co., 248 Ky. 426 (3) (58 S. W. 2d, 625); Fies v. Rosser, 162 Ala. 504 (50 So. 287).

Generally, in Georgia, a party out of possession may not sue to cancel a deed as a cloud upon title, but equity recognizes exceptions to the general rule, one of which is that jurisdiction will be maintained where the deed was procured by fraud. See *Pavlovski* v. *Klassing*, 134 *Ga.* 704 (68 S. E. 511); *Gilmore* v. *Hunt.* 137 *Ga.* 272 (73 S. E. 364); *Morris* v. *Mobley*, 171 *Ga.* 224, 225 (6) (155 S. E. 8); *Greenwood* v. *Starr*, 174 *Ga.* 503 (163 S. E. 500).

While ordinarily prescription will not run against a remainderman out of possession during the occupancy of the estate by the life tenant (*Bledsoe* v. *Willingham*, supra; *Bull* v. *Walker*, supra; *Lamar* v. *Pearre*, supra; *Wallace* v. *Jones*, supra; *Seaboard Airline Ry.* v. *Holliday*, supra), nevertheless where it appears that the adverse claim is based on a false, fraudulent, or forged deed, of which the remainderman has notice, equity requires that such remainderman shall proceed within a reasonable time to have such false, fraudulent, or forged deed removed as a cloud upon his title. *Frost* v. *Arnaud*, 144 *Ga.* 26 (2) (85 S. E. 1028); *Hadden* v. *Thompson*, 202 *Ga.* 74, 78 (42 S. E. 2d, 125).

■ A deed which conveys any estate in realty, if valid as to the estate conveyed, can not be canceled in its entirety because the deed may be invalid as to some other estate sought to be conveyed therein. *Latham* v. *Inman*, 88 *Ga.* 505 (15 S. E. 8); *Clark* v. *Woody*, 197 *Ga.* 685 (30 S. E. 2d, 181). In this case the plaintiffs contend that McDaniel could not convey his interest in the property, and that his life estate was forfeited by

his execution of the deed to Mrs. McDaniel. The plaintiffs rely upon the provision in the deed (from Mrs. McDaniel, wherein the estate for life is conveyed to McDaniel) which recites that, should the husband's life estate become subject to his debts, his interest in the property would be terminated. For reasons pointed out in division 1, this provision of the deed is void, and the deed from McDaniel to his wife is not invalid under any allegation of fact set forth in the petition. A deed which is valid as to a life estate can not be canceled in its entirety, although such deed may be invalid in part as to a remainder interest in the property. The allegations of forgery as. to the plaintiffs would be insufficient to support a proceeding under the Code, § 37-1407 et seq., for a cancellation of the deed in its entirety.

█ It does not follow, however, that the plaintiffs are not entitled to some relief on the allegations of their petition and the prayer for general relief. See *Pound* v. *Smith,* 146 *Ga.* 435 (2) (91 S. E. 405); *Wimpee* v. *Burt,* 148 *Ga.* 418 (2) (96 S. E. 993); *Burton* v. *Metropolitan Life Ins. Co.,* 177 *Ga.* 900 (2) (172 S. E. 41).

In *Copeland* v. *Cheney,* 116 *Ga.* 685 (43 S. E. 59), cited and approved in *Burton* v. *Metropolitan Life Ins. Co.,* supra, it was held: "Even though an equitable petition may contain allegations which would authorize relief of a given nature, yet if there be no specific .prayer asking for this relief and no prayer for general relief, the petition will be dismissed on general demurrer when the allegations thereof do not authorize the relief prayed for therein."

In *Ison* v. *Geiger,* 179 *Ga.* 798, 801 (177 S. E. 596), it was said: "There is nothing in the petition to show that the pleader intended to ask for a judgment canceling the deed in part and upholding it in part. However, if the petitioner should desire to ask for a judgment canceling the deed in part and upholding it in part, the pleadings may always be adjusted to the evidence produced on the trial. The question to be considered is whether the petition alleges such title to the lands involved as would support a decree in favor of the plaintiff for any relief. *Wade* v. *Wade,* 139 *Ga.* 62 (76 S. E. 563)."

It has been the rule in this State from our earliest reported decisions to the present, that if a petition may be sustained for

one cause of action, it should not be dismissed as a whole because it is defective as to another cause of action therein attempted to be set out. *McLaren* v. *Steapp,* 1 *Ga.* 376; *Hazlehurst* v. *Savannah, Griffin & North Alabama R. Co.,* 43 *Ga.* 13; *Lowe* v. *Burke,* 79 *Ga.* 166 (3 S. E. 449); *Trust Co. of Ga.* v. *Scottish Union & National Ins. Co.,* 119 *Ga.* 672, 675 (46 S. E. 855); *Horton* v. *Lovejoy,* 186 *Ga.* 165 (197 S. E. 240); *Board of Education of Paulding County* v. *Gray,* 203 *Ga.* 583 (47 S. E. 2d, 508).

If, as contended by the plaintiffs, the deed purporting to convey the title back to Mrs. McDaniel is a forgery as to them, they are clearly entitled to have a sale of the property enjoined and restrained, so as to prevent further conflicting claims of title to the property prior to an adjudication of the plaintiffs' claim that the deed as to them is a forgery.

Under the allegations of the petition in this case and the prayer for general relief, the petition alleged a cause of action in favor of the plaintiffs for a decree declaring the deed under attack to be a forgery as to the plaintiffs.

The attack made by the defendants on the first deed, from Mrs. McDaniel to F. F. McDaniel and the parties hereto, sets out a cause of action for cancellation, on the ground that the original deed was obtained from Mrs. McDaniel by force and duress. Code, §§ 20-503, 96-209; *Gilmore* v. *Hunt,* supra; *King* v. *Lewis,* 188 *Ga.* 594 (4 S. E. 2d, 464). The plaintiffs' petition alleged a cause of action for a decree voiding the second deed as to them on the ground of forgery. This court does not indicate any opinion that either deed should be canceled by reason of the attack made upon it. The attacks may, or may not, be sustained by the evidence submitted to a jury upon a trial of the issues, but in any event the proper time for the trial and disposition of the various contentions of the parties is at the earliest time which may be consistent with the applicable rules of law, in order that the truth of the transactions may be more readily ascertained. Accordingly, the judgments on both the main and cross-bills of exceptions are reversed.

*Judgments reversed on both the main and cross-bills of exceptions. All the Justices concur.*