1. Where a person holding a life estate in property, effective after the termination of a life estate reserved by the grantor, executes a deed back to the original grantor, in which he is joined by three of the six remaindermen, the original grantor becomes vested with a one-half undivided interest in the fee, and an estate for the life of such person in all of the property, which estates may be devised by will. The estate for life is not terminated by the reconveyance, nor is such estate merged with the fee, when there are remaindermen owning a one-half undivided interest in the property. The remaindermen claiming an interest in the land can not maintain an action to recover the property, or to have it partitioned for their benefit, until the death of the person for whose use and benefit the life estate was created.
2. Remaindermen may resort to a court of equity to have a forged deed canceled as a cloud on their title before the death of the life tenant. *Page 751 
3. A deed which conveys any estate in realty, if valid as to the estate conveyed, can not be canceled in its entirety because the deed may be invalid as to some other estate sought to be conveyed therein.
4. The petition alleged a cause of action in favor of the plaintiffs for a decree declaring the deed (attacked by them) to be a forgery as to them, and it was error to sustain the general demurrer to their petition.
5. The answer of the defendants, in the nature of a cross-action, set out a cause of action for cancellation of the deed (attacked by them), on the ground that it was obtained from the grantor by duress, and it was error to sustain the general demurrer to the answer.
 Nos. 16481, 16482. FEBRUARY 15, 1949.
Edwin C. McDaniel, Boyd McDaniel, and Belma Louise McDaniel Middleton filed their petition for equitable relief against Henry Bagby, Maude Bagby Bailey, and Virgil Bagby, individually and as executor of the estate of Mrs. Nobie B. McDaniel, and in substance alleged: The defendant, Virgil Bagby, is the duly qualified and acting executor of the estate of Mrs. Nobie B. McDaniel. The plaintiffs are the lawful owners of, and have title to one-half undivided remainder interest in, described lands, by virtue of a warranty deed from Mrs. Nobie B. McDaniel to the plaintiffs, a copy of such deed being attached and marked "Exhibit A." A certain warranty deed appears in the deed records of the county, purporting to have been executed by F. F. McDaniel (father of the plaintiffs), the plaintiffs, and the defendants, to Mrs. Nobie B. McDaniel, a copy being attached to the petition, marked "Exhibit B." The plaintiffs did not execute such deed, nor did they authorize anyone to do so for them. It is without consideration and without their authority, and has not been ratified by them. The deed ("Exhibit B") operates to throw a cloud or suspicion upon the plaintiffs' title, and might be vexatiously or injuriously used against them. By reason of this deed, and Mrs. Nobie B. McDaniel having died testate, Virgil Bagby has been appointed executor of the will and testament of the deceased, and the defendants are claiming the fee-simple title to all of the property described in the two deeds, "Exhibits A and B," and are exercising control over the property, and are claiming the property under the provisions of the will of Mrs. McDaniel. The life tenant, F. F. McDaniel, divested his interest in the property by virtue of the provisions of *Page 752 
the deed marked "Exhibit B," and the plaintiffs have a vested remainder to a one-half undivided interest in the property. The executor is collecting rents and placing them in the general funds of the estate, and unless a court of equity restrains him, he will disburse the funds derived from the rents of such property as a part of the estate of the deceased, and will sell the property as a part of the estate of Mrs. Nobie B. McDaniel. The premises can not be fairly and equitably divided by metes and bounds, and the property should be sold under order of the court and the funds derived from the sale divided between the true owners as their interest may appear. Unless the executor is restrained, the plaintiffs will suffer irreparable loss and damage. Equity, by taking jurisdiction, will avoid a multiplicity of actions.
The prayers were for process, that the forged deed be delivered up and canceled as a cloud upon the plaintiffs' title, that a receiver be appointed to take charge of the premises, that the defendants be enjoined and restrained from disposing of the property and the rents collected therefrom, that the property be sold under order of the court and the proceeds be divided between the true owners as their interest may appear, and for other relief.
The defendants in their response, in the nature of an answer and cross-action, admitted the jurisdiction of the court, that Virgil Bagby was the duly qualified executor of Mrs. McDaniel as alleged, and that he is exercising control of the property described. They admit that there does appear in the deed records of the county a deed from the plaintiffs, the defendants, and F. F. McDaniel to Mrs. Nobie B. McDaniel, conveying the lands in which the plaintiffs claim a one-half undivided interest, but they deny that this deed is a forgery. The defendants admit that F. F. McDaniel has no interest in the property. The defendants assert that the plaintiffs have no interest in or right to the property described, and no right to injunctive relief, or any relief against the defendants. For further plea and answer it is alleged: If Mrs. Nobie B. McDaniel ever executed the deed ("Exhibit A"), it was done by reason of threats on her life and the coercion of F. F. McDaniel, who threatened, beat and otherwise maltreated his wife to such an extent that he overcame her *Page 753 
will, and by reason of her age and health, she was physically and mentally unable to resist his entreaties, coercion, and threats, and the deed is illegal, null, void, and of no effect. The plaintiffs are not related by blood to Mrs. Nobie B. McDaniel, and the deed purported to have been executed by her was never delivered to the plaintiffs, or anyone for them. The deed was without consideration, the plaintiffs paid nothing for it, and contributed no services of any kind. The defendants are the sole heirs at law of Mrs. Nobie B. McDaniel and the sole legatees under her will.
"Exhibit A" to the plaintiffs' petition is a copy of a deed dated February 21, 1942, by Mrs. Nobie McDaniel, as grantor, to F. F. McDaniel, Maude Bagby, Virgil Bagby, Henry Bagby, Boyd McDaniel, Edwin McDaniel, and Belma Louise McDaniel, as grantees, conveying described property. The deed recites that it is "in consideration of the natural love and affection I have for my husband, his children and my children named above, etc." The deed reserved to the grantor a life estate, and thereafter a life estate to F. F. McDaniel, the grantor's husband, "for his support and maintenance only, and is not subject to levy for any debt he owes or might hereafter owe, and immediately upon seizure as his property his life estate ceases and vests in the remaining grantees named above. In other words, his life estate terminates at death or in the event it should become liable for his indebtedness." It is provided further that, upon the happening of either contingency stated, the property would go to the other grantees as tenants in common.
Copy of the deed attached as "Exhibit B" is dated February 10, 1944, and purports to have been executed by F. F. McDaniel and the parties named as plaintiffs and defendants, who were the grantees in remainder in the deed from Mrs. Nobie McDaniel, attached as "Exhibit A." This deed ("Exhibit B") conveys to Mrs. Nobie McDaniel the identical property described in her deed attached as "Exhibit A."
The judgment of the trial court on the demurrers was in part as follows: "The general demurrer of the defendants to the plaintiffs' petition is sustained and plaintiffs' petition is dismissed. Because the court construes the defendants' cross-bill *Page 754 
as seeking affirmative relief on matters germane to the plaintiffs' petition, the said cross-bill is subject to the general demurrer of plaintiffs thereto, which is sustained and the cross-bill of defendants is dismissed." The main bill of exceptions assigns error on the dismissal of the plaintiffs' petition, and the cross-bill of exceptions on the dismissal of the defendants' cross-action.
1. Plaintiffs in error in the main bill of exceptions (plaintiffs in the court below, hereinafter referred to as the plaintiffs) contend that F. F. McDaniel has forfeited his life estate in the property by conveying it back to his wife, or that the life estate of McDaniel became merged with the life estate reserved by the wife, and that, upon the death of the wife, the life estate of McDaniel was terminated.
The Code, § 85-710, provides that, "if two estates in the same property shall unite in the same person in his individual capacity, the lesser estate shall be merged in the greater." In this case the wife reserved a life estate in the property for her own use, and at the termination of this estate, a life estate for the benefit of her husband, F. F. McDaniel. The two estates being for the lives of two separate persons, they could not merge as one life estate. If the fee and the estate for life were both held by the same person, the life estate would be merged in the fee. The life estate of the husband could have been merged with the fee upon proper conveyance to the wife of the life estate and all of the remainder interest, and upon her death, her heirs would take the whole estate. It is alleged, however, that the deed ("Exhibit B") was not signed by the plaintiffs, who were three of the six remaindermen in the original deed from Mrs. McDaniel, and that as to them the deed purporting to convey the property back to Mrs. McDaniel is a forgery.
Council for the plaintiffs concede in their brief that the limitation or provision in the deed (creating a life estate for F. F. McDaniel) which purports to terminate the life estate upon it becoming subject to any debt or claim against the husband is void, the habendum clause not containing any restriction or limitation. See Franklin v. Blackshear Manufacturing Co., *Page 755 144 Ga. 208 (86 S.E. 536). That part of the deed creating a life estate for the husband does not limit the right of the husband to sell and convey his life estate, and the estate created for him for life would not be terminated solely because it was conveyed by him back to the original grantor. SeeBrowning v. Hall, 171 Ga. 560 (156 S.E. 190).
A person can "convey no greater title than he has himself." Code, § 96-111. Should the holder of a life estate undertake to convey the entire estate in lands, no forfeiture would result; he would simply convey his estate for life. § 85-609; Fletcher v.Horne, 75 Ga. 134, 138.
The plaintiffs apparently concede that their father, F. F. McDaniel, executed the deed. It is not contended that the deed is a forgery as to him, nor is it contended that it is a forgery as to the defendants. It is contended solely that it is a forgery as to the plaintiffs. If, under the allegations of the petition, the deed is valid as to the defendants and as to McDaniel, Mrs. McDaniel procured at the time of its delivery an undivided three sixths interest in the fee in the property. She also became the owner of the life estate of her husband in all of the property. The defendants, as legatees under the will of Mrs. McDaniel, took an undivided three-sixths interest in the fee of the property, and the estate for life formerly vested in F. F. McDaniel. Until the death of F. F. McDaniel, the estate created for his life is not terminated, and the plaintiffs would not be entitled to recover possession of the property, or to have it partitioned for their benefit, and as an action for the recovery of land their petition fails to state a cause of action. See Code, § 85-709;Bledsoe v. Willingham, 62 Ga. 550 (2); Bull v. Walker,71 Ga. 195; Lamar v. Pearre, 82 Ga. 354 (9 S.E. 1043);Wallace v. Jones, 93 Ga. 421 (12) (21 S.E. 89); SeaboardAirline Ry. v. Holliday, 165 Ga. 200-203 (140 S.E. 507).
2. The plaintiffs in this case seek to cancel as a cloud on their title the deed ("Exhibit B") which appears on its face to have been executed by all of the parties who were grantees in the deed from Mrs. McDaniel, as shown by "Exhibit A." It is alleged that as to the plaintiffs the deed is a forgery, and that it tends to cast a cloud upon the interest and title of the plaintiffs in the property described. *Page 756 
It is a general rule that a remainderman or reversioner may at once resort to equity to have a false or fraudulent claim adjudicated as a cloud upon his title. The right to sue is not affected by the rule that actions for possession of the estate can not be maintained by the remaindermen until the life estate is terminated by the death of the life tenant. 31 C. J. S., 116, § 98, states the rule that, "In general, before expiration of the preceding estate, remaindermen may sue to have their rights adjudicated where adverse claims are being asserted against them." See 44 Am. Jur., 44, § 57; Commercial Building Co. v.
Parslow, 93 Fla. 144 (3) (112 So. 378); Cox v.
Corrigan-McKinney Steel Co., 248 Ky. 426 (3) (58 S.W.2d 625); Fies v. Rosser, 162 Ala. 504 (50 So. 287).
Generally, in Georgia, a party out of possession may not sue to cancel a deed as a cloud upon title, but equity recognizes exceptions to the general rule, one of which is that jurisdiction will be maintained where the deed was procured by fraud. SeePavlovski v. Klassing, 134 Ga. 704 (68 S.E. 511);Gilmore v. Hunt. 137 Ga. 272 (73 S.E. 364); Morris v.Mobley, 171 Ga. 224, 225 (6) (155 S.E. 8); Greenwood v.Starr, 174 Ga. 503 (163 S.E. 500).
While ordinarily prescription will not run against a remainderman out of possession during the occupancy of the estate by the life tenant (Bledsoe v. Willingham, supra; Bull v.Walker, supra; Lamar v. Pearre, supra; Wallace v.Jones, supra; Seaboard Airline Ry. v. Holliday, supra), nevertheless where it appears that the adverse claim is based on a false, fraudulent, or forged deed, of which the remainderman has notice, equity requires that such remainderman shall proceed within a reasonable time to have such false, fraudulent, or forged deed removed as a cloud upon his title. Frost v.Arnaud, 144 Ga. 26 (2) (85 S.E. 1028); Hadden v.Thompson, 202 Ga. 74, 78 (42 S.E.2d 125).
3. A deed which conveys any estate in realty, if valid as to the estate conveyed, can not be canceled in its entirety because the deed may be invalid as to some other estate sought to be conveyed therein. Latham v. Inman, 88 Ga. 505 (15 S.E. 8);Clark v. Woody, 197 Ga. 683 (30 S.E.2d 181). In this case the plaintiffs contend that McDaniel could not convey his interest in the property, and that his life estate was forfeited by *Page 757 
his execution of the deed to Mrs. McDaniel. The plaintiffs rely upon the provision in the deed (from Mrs. McDaniel, wherein the estate for life is conveyed to McDaniel) which recited that, should the husband's life estate become subject to his debts, his interest in the property would be terminated. For reasons pointed out in division 1, this provision of the deed is void, and the deed from McDaniel to his wife is not invalid under any allegation of fact set forth in the petition. A deed which is valid as to a life estate can not be canceled in its entirety, although such deed may be invalid in part as to a remainder interest in the property. The allegations of forgery as to the plaintiffs would be insufficient to support a proceeding under the Code, § 37-1407 et seq., for a cancellation of the deed in its entirety.
4. It does not follow, however, that the plaintiffs are not entitled to some relief on the allegations of their petition and the prayer for general relief. See Pound v. Smith, 146 Ga. 435
(2) (91 S.E. 405); Wimpee v. Burt, 148 Ga. 418 (2) (96 S.E. 993); Burton v. Metropolitan Life Ins. Co., 177 Ga. 900
(2) (172 S.E. 41).
In Copeland v. Cheney, 116 Ga. 685 (43 S.E. 59), cited and approved in Burton v. Metropolitan Life Ins. Co., supra, it was held: "Even though an equitable petition may contain allegations which would authorize relief of a given nature, yet if there be no specific prayer asking for this relief and no prayer for general relief, the petition will be dismissed on general demurrer when the allegations thereof do not authorize the relief prayed for therein."
In Ison v. Geiger, 179 Ga. 798, 801 (177 S.E. 596), it was said: "There is nothing in the petition to show that the pleader intended to ask for a judgment canceling the deed in part and upholding it in part. However, if the petitioner should desire to ask for a judgment canceling the deed in part and upholding it in part, the pleadings may always be adjusted to the evidence produced on the trial. The question to be considered is whether the petition alleges such title to the lands involved as would support a decree in favor of the plaintiff for any relief.Wade v. Wade, 139 Ga. 62 (76 S.E. 563)."
It has been the rule in this State from our earliest reported decisions to the present, that if a petition may be sustained for *Page 758 
one cause of action, it should not be dismissed as a whole because it is defective as to another cause of action therein attempted to be set out. McLaren v. Steapp, 1 Ga. 376;Hazlehurst v. Savannah, Griffin North Alabama R. Co.,43 Ga. 13; Lowe v. Burke, 79 Ga. 166 (3 S.E. 449); TrustCo. of Ga. v. Scottish Union National Ins. Co., 119 Ga. 672,675 (46 S.E. 855); Horton v. Lovejoy, 186 Ga. 165
(197 S.E. 240); Board of Education of Paulding County v.Gray, 203 Ga. 583 (47 S.E.2d 508).
If, as contended by the plaintiffs, the deed purporting to convey the title back to Mrs. McDaniel is a forgery as to them, they are clearly entitled to have a sale of the property enjoined and restrained, so as to prevent further conflicting claims of title to the property prior to an adjudication of the plaintiffs' claim that the deed as to them is a forgery.
Under the allegations of the petition in this case and the prayer for general relief, the petition alleged a cause of action in favor of the plaintiffs for a decree declaring the deed under attack to be a forgery as to the plaintiffs.
5. The attack made by the defendants on the first deed, from Mrs. McDaniel to F. F. McDaniel and the parties hereto, sets out a cause of action for cancellation, on the ground that the original deed was obtained from Mrs. McDaniel by force and duress. Code, §§ 20-503, 96-209; Gilmore v. Hunt, supra;King v. Lewis, 188 Ga. 594 (4 S.E.2d 464). The plaintiffs' petition alleged a cause of action for a decree voiding the second deed as to them on the ground of forgery. This court does not indicate any opinion that either deed should be canceled by reason of the attack made upon it. The attacks may, or may not, be sustained by the evidence submitted to a jury upon a trial of the issues, but in any event the proper time for the trial and disposition of the various contentions of the parties is at the earliest time which may be consistent with the applicable rules of law, in order that the truth of the transactions may be more readily ascertained. Accordingly, the judgments on both the main and cross-bills of exceptions are reversed.
Judgments reversed on both the main and cross-bills ofexceptions. All the Justices concur. *Page 759